In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 06-3982

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHAZ GARRETT,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 CR 102—**John C. Shabaz**, *Judge.*

_____

ARGUED MAY 7, 2008—DECIDED JUNE 10, 2008

_____

Before BAUER, POSNER and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge*.  Garrett challenges the district court's calculation of his criminal history score under the United States Sentencing Guidelines, arguing that the court erred when it included his prior conviction for bail jumping in its assessment of his criminal history. In this appeal, we consider the issue of whether a state conviction for bail jumping is "similar to" the offense of contempt of court under the Sentencing Guidelines, which would result in the exclusion of the conviction from a defendant's criminal history score. We find that it is, and for reasons set forth below, we vacate the district court's

decision to include Garrett's bail jumping conviction and remand for resentencing.

## I. Background

In May of 2006, a federal grand jury indicted Garrett on five counts relating to the distribution of crack cocaine. Garrett pleaded guilty to Count Two of the indictment, distribution of five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and the remaining counts were dismissed pursuant to Garrett's plea agreement. A probation officer prepared the presentence investigation report ("PSR"), which determined that Garrett distributed between 500 and 1500 grams of crack cocaine, thus setting his base offense level at thirty-six under U.S.S.G. § 2D1.1(c)(2). After a three-level reduction for acceptance of responsibility, this yielded a total offense level of thirty-three. Garrett received four criminal history points, which included one point for a 2003 conviction in Wisconsin for operating a vehicle without carrying a license and bail jumping (for which he received a fine) pursuant to U.S.S.G. § 4A1.1(c). This conviction raised Garrett's criminal history from Category II (151 to 188 months) to Category III (168 to 210 months).

On October 25, 2006, at the sentencing hearing, the district court was presented with the PSR's findings. After Garrett stated that he had no objections, the court accepted the plea agreement. After considering the extent and gravity of Garrett's criminal record and the factors set forth in 18 U.S.C. § 3553(a) (but without any discussion of the calculation of Garrett's criminal history points), the court adopted the PSR's Guidelines calculation and concluded that a sentence in the middle of the Guide-

lines range would provide both deterrence and punishment, stating that:

> Common sense suggests to this Court that you should be sentenced at the top of the guideline range, but out of deference to your family and friends the Court has balanced what you could have been instead of what you turned out to be and has given you a sentence at the middle of the guideline range, and I do so reluctantly because you're the type of people that has to be kept off the streets.

The court then sentenced Garrett to 189 months in prison. Garrett timely appealed. On May 11, 2007, Garrett's counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying one potential non-frivolous argument—whether the district court erred by including the bail jumping conviction in Garrett's criminal history score. We denied the motion, *see United States v. Garrett*, No. 06-3982 (7th Cir. October 31, 2007) (unpublished order), concluding that it would not be frivolous for counsel to address whether the district court overstated Garrett's criminal history score by assessing one point for the bail jumping conviction.

## II. Analysis

Garrett asserts that the district court plainly erred in its assessment of his criminal history points, because the offense of bail jumping under state law is "similar to" contempt of court under U.S.S.G. § 4A1.2(c)(1)(B) and thus warrants exclusion from his criminal history score. Garrett argues that his substantial rights were affected because without the inclusion of this conviction, his Guideline

range would have been 151 to 188 months. The government concedes the district court plainly erred in including the bail jumping conviction, but argues that Garrett cannot show that the error impacted the fairness, integrity or public reputation of the judicial proceedings.

Normally we review a district court's application of the Sentencing Guidelines *de novo. United States v. Samuels*, 521 F.3d 804, 815 (7th Cir. 2008). However both parties agree that our review is for plain error because Garrett forfeited his argument when he failed to raise it before the district court. Forfeiture occurs because of neglect, while waiver happens intentionally. *United States v. Charles*, 476 F.3d 492, 495 (7th Cir. 2007). Waiver precludes review, while forfeiture permits plain error review. *Id*. While Garrett failed to timely assert his challenge to the assessment of a criminal history point for his bail jumping conviction, there is no indication on the record that Garrett knew that his criminal history score might be erroneous, nor would he choose to be sentenced under a higher criminal history score and thus a higher Guidelines range. A logical explanation is that neither Garrett nor his counsel realized that including the bail jumping conviction was incorrect, therefore we review for plain error. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 847-49 (7th Cir. 2005) (holding that a defendant's confirmation of a PSR's findings does not waive a challenge on appeal where there is no conceivable strategic reason for not objecting to a sentence at a higher offense level). Under the plain error test, we must decide whether there was an error, whether it was plain, and whether it affected substantial rights. *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). If all three conditions are met, we may exercise our discretion only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*.

When sentencing a defendant, the first step is to calculate the Guidelines range correctly, and a mistake in that calculation warrants resentencing. *United States v. Hawk*, 434 F.3d 959, 963 (7th Cir. 2006); *See United State v. Thomas*, No. 05-4222, ___ F.3d ___, 2008 WL 755297, at *5 (7th Cir. Mar. 24, 2008) (holding that even though the Guidelines are advisory, a district court must accurately calculate and consult the defendant's Guidelines range). A sentence based on an incorrect Guideline range constitutes an error affecting substantial rights and can thus constitute plain error, which requires us to remand unless we have reason to believe that the error did not affect the district court's selection of a particular sentence. *United States v. Wallace*, 32 F.3d 1171, 1174 (7th Cir. 1994).

The Sentencing Guidelines factor a defendant's prior criminal history into his sentence in an effort to penalize recidivist behavior, protect the public, and deter individuals from criminal behavior. 18 U.S.C. § 3553(a); *United States v. Lock*, 466 F.3d 594, 599 (7th Cir. 2006). Section 4A1.1 of the Guidelines sets forth point totals for a defendant's prior sentences, and the sum of those points determines a defendant's criminal history category. A district court counts all felonies as prior sentences, U.S.S.G. § 4A1.2(c), and misdemeanor and petty offenses are generally counted, except as provided in §§ 4A1.2(c)(1) and 4A1.2(c)(2). As relevant here, § 4A1.2(c)(1) provides that fifteen listed offenses, including contempt of court, and "offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1).

Wisconsin defines "bail jumping" according to the offense for which bail was granted: if the underlying

offense was a misdemeanor, bail jumping is a misde-meanor; if the underlying offense is a felony, bail jumping is a felony. Wis. Stat. Ann. § 946.49(1). Garrett's underlying conviction was intentionally pointing a fire-arm at another, which is a misdemeanor under Wis. Stat. Ann. § 941.20(1)(c); accordingly Garrett's conviction for bail jumping is a misdemeanor. This misdemeanor con-viction resulted in a fine and is not similar to the instant offense of distributing crack under §§ 4A1.2(c)(1)(A) and (B), thus leaving our inquiry to be whether bail jumping is "similar to" one of the enumerated offenses under § 4A1.2(c)), particularly contempt of court, in order to exclude the conviction from Garrett's criminal history score. Whether a state offense is similar to an offense listed in § 4A1.2(c)) is a matter of federal law. *United States v. Staples*, 202 F.3d 992, 996 (7th Cir. 2000).

As the government points out, the treatment of the crime of bail jumping as a form of contempt appears to have historical roots in English common law. *See Green v. United States*, 356 U.S. 165, 169, 78 S.Ct. 632, 2 L.Ed. 2d 672 (1958) (explaining that at English common law, disobedi-ence of a writ under the King's seal was treated as a contempt), *overruled in part on other grounds by Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). While this Circuit has yet to address this issue, we have cited with approval the Sixth Circuit's decision that "[t]he crime of bail jumping diminishes the power of a court to control those properly within its jurisdiction and afflicts that court with its detrimental effects." *United States v. Chappell*, 854 F.2d 190, 192 (7th Cir. 1988) (quoting *United States v. Roche*, 611 F.2d 1180, 1183 (6th Cir. 1980)); *see also United States v. Williams*, 788 F.2d 1213, 1216 (6th Cir. 1986) (holding that the "primary effect [of bail jumping] is

upon the proper administration of justice in the court which admits one to bail and is akin to a 'constructive contempt of court.'" (quoting *Roche*, 611 F.2d at 1183)). Garrett directs our attention to decisions in other circuits that have noted the similarities between bail jumping and contempt. *See United States v. Tigney*, 367 F.3d 200, 204 (4th Cir. 2004) (a "failure to appear" offense is "similar to" contempt of court because both require proof of disobedience to a lawful court order); *United States v. Robinson*, 158 F.3d 1291, 1292 (D.C. Cir. 1998) (a prior conviction of contempt of court for violating a condition of pretrial release does not count under § 4A1.2(c)(1)); *United States v. Martin*, 704 F.2d 515, 517 (11th Cir. 1983) (a federal bail jumping conviction for failure to appear is a "specific and egregious form of contempt of court."); *United States v. Williams*, 622 F.2d 830, 836 (5th Cir. 1980) (a willful breach of a court order imposing a condition of release pending appeal constitutes a contempt of court).

In this Circuit, we use a "common sense" approach to determine the similarity of offenses. *Lock*, 466 F.3d at 598.[1] We look to the actual offense conduct and the sentence

---

[1] At the time of Garrett's sentencing in October of 2006, the 2005 version of the U.S. Sentencing Guidelines, incorporating the March 27, 2006 supplement, was in effect. These Guidelines did not explain how to determine whether an offense is "similar to" an enumerated offense in § 4A1.2(c)(1). The current version of the Guidelines now provides criteria for a court's "common sense" approach to similarity under this section, considering relevant factors such as punishments imposed, perceived seriousness of the offense, elements of the offense, level of culpability, and indication of a likelihood of recurring criminal conduct. *See* November 1, 2007 Guidelines Manual, Commentary to § 4A1.2, App. Note 12(A); *United States v. Harris*, 325 F.3d 865, 872 (7th Cir. 2003).

deemed appropriate by the sentencing judge to determine if the acts are similar. *Staples*, 202 F.3d at 996. Our goal is to determine whether the prior conviction is "categorically more serious" than the listed offenses. *United States v. Hagenow*, 423 F.3d 638, 645 (7th Cir. 2005). We find that bail jumping is similar to contempt of court under the federal Sentencing Guidelines. Bail jumping is defined in Wisconsin as intentionally disregarding the terms of a bond. Wis. Stat. Ann. § 946.49. Bail jumping laws are intended to deter those who have been released pending disposition of criminal charges from violating bond conditions, and to enhance the effective administration of justice in the courts. *State v. Taylor*, 226 Wis.2d 490, 500 (Wis.App.Ct. 1999). Although a state legislature's classification of crimes is not dispositive when applying the Guidelines, *see Staples*, 202 F.3d at 996, contempt carries a longer maximum penalty in prison than bail jumping, suggesting bail jumping is less serious. *Compare* Wis. Stat. Ann. § 939.51(3)(a) (stating that the maximum penalty for a Class A misdemeanor of bail jumping is a fine not to exceed $10,000 or imprisonment not to exceed nine months, or both) *with* Wis. Stat. Ann. § 785.04(2)(a) (stating that the maximum punishment for contempt is a fine of not more than $5,000 or imprisonment for not more than one year, or both). Further, the sentencing court imposed a fine, and not jail time, as punishment for jumping bail, lending more support for treating the offense as similar to one listed in § 4A1.2(c)(1). *See United States v. Booker*, 71 F.3d 685, 690 n.7 (7th Cir. 1995) ("We note that the sentence of one month's court supervision is a considerably lesser penalty than § 4A1.2(c)'s 'triggering period' of at least one year of probation or thirty days of imprisonment.").

The underlying conduct for which Garrett was sentenced was no more serious than a contempt charge. When Garrett was arrested in 2003 for driving without a license, he was on bond from a prior arrest, therefore violating a bond condition which resulted in the bail jumping conviction. The contempt statute is aimed at any person who willfully disobeys a court order. 18 U.S.C. § 402; *United States v. Giannattasio*, 979 F.2d 98, 100-01 (7th Cir. 1992) (holding that the contempt power is a "traditional inherent power[ ] of the judiciary . . . rooted in considerations of institutional self-defense."). Both offenses constitute a disobedience of a court order and were fashioned in order to ensure the authority of the court and encourage obedience to its orders. Accordingly, the district court committed plain error when it counted one point for Garrett's bail jumping conviction.

We may exercise discretion in Garrett's favor if the plain error "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Sawyer*, 521 F.3d at 796. The district court, as well as the probation officer, the government, and Garrett's counsel, failed to realize the error in allocating one point for the bail jumping conviction. This error seriously affected the integrity of the proceedings, for the miscalculation in this case led to a higher Guideline range. *See Jaimes-Jaimes*, 406 F.3d at 851 ("[I]t would be unjust to place the entire burden for these oversights on [a defendant] by permitting him to serve an excessive prison sentence."). Although the district court alluded to the fact that it wanted to sentence Garrett at the top of the Guideline range, it ultimately chose a sentence in the middle of the range, and we have no reason to believe its error in the application of the Guideline range did not affect its selection of the particular sentence. The government argues that the

sentence of 189 months is only one month above the correctly-calculated Guidelines of 151 to 188 months, however even if a sentence imposed is within the correct *as well as* the incorrect Guideline range, the case must still be remanded for resentencing. *See Wallace*, 32 F.3d at 1174. We therefore conclude that the district court plainly erred in its assessment of the Sentencing Guidelines, and the resulting prejudice to Garrett justifies remand for resentencing.

### III.  Conclusion

For the reasons stated herein, we VACATE Garrett's sentence and REMAND for resentencing consistent with this opinion. Because Judge Shabaz is unavailable, we remand the case to a different judge pursuant to Circuit Rule 36.