NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 22, 2009
Decided January 26, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2118

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:07-cr-00149-DFH-KPF-1 |
| REYMUNDO ROMERO-BENUMEA, *Defendant-Appellant*. | David F. Hamilton, *Chief Judge*. |

**O R D E R**

Reymundo Romero-Benumea pleaded guilty to being present in the United States without permission after having been removed previously.  *See* 8 U.S.C. § 1326(a).  In the plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Romero-Benumea would be sentenced within the imprisonment range applicable to a total offense level of 21, leaving the final determination of the criminal history category to the district court.  This sentencing condition became binding on the court after it accepted the plea agreement, and Romero-Benumea was sentenced to 96

months' imprisonment, the top of the resulting range. Romero-Benumea has filed a notice of appeal, but appointed counsel is unable to discern a nonfrivolous issue for appeal and seeks permission to withdraw. *See Anders v. California*, 382 U.S. 738 (1967). Romero-Benumea has not commented on counsel's submission. *See* CIR. R. 51(c). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel informs us that Romero-Benumea wants his guilty plea vacated, *see United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), but because Romero-Benumea did not seek to withdraw the plea in the district court, we would review the plea colloquy only for plain error in evaluating whether the plea was voluntary, *see* FED. R. CRIM. P. 11; *United States v. Vonn*, 535 U.S. 55, 63 (2002). Counsel perceives two omissions in the district court's plea colloquy, but concludes that neither would be plain error. To establish plain error, Romero-Benumea would have to show a reasonable probability that he would have not pleaded guilty had the district court included the omitted information. *See United States v. Dominquez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).

Counsel first points out that the district court advised Romero-Benumea that he had the right to be represented by counsel at trial but did not also say that he would have the right to counsel on appeal. *See* FED. R. CRIM. P. 11(b)(1)(D). This omission is immaterial because the record shows that Romero-Benumea was aware that his appointed lawyer would assist him on appeal. During the plea colloquy Romero-Benumea's attorney realized that the court had mistakenly told Romero-Benumea that his plea agreement included an appeal waiver; counsel corrected the court's error and explained to Romero-Benumea, "You may have a right, if you're unhappy with these proceedings, to tell me to file a Notice of Appeal." What's more, Romero-Benumea had initialed a paragraph of his written petition to plead guilty, which admonishes that he would have "the right to the assistance of counsel at every stage of the proceedings, including an appeal." *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

Counsel also suggests that the district court did not comply with Rule 11(b)(1)(M) when it told Romero-Benumea that at sentencing the court would "have to give careful consideration to a number of different factors" but specifically mentioned only the sentencing guidelines and not other factors in 18 U.S.C. § 3553(a). We have held, though, that literal recitation of Rule 11 is unnecessary; a plea colloquy that substantially complies with the Rule's admonishments is sufficient to assure a voluntary guilty plea. *See United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995). Whether or not it would have been preferable for the district court to inform

Romero-Benumea about the other factors listed in § 3553(a), or to have at least mentioned the statute, we agree with counsel that it would be frivolous to argue that the court's compliance with subsection (b)(1)(M) undermined Romero-Benumea's guilty plea. The court informed Romero-Benumea that it would evaluate "a number of different factors" during sentencing and, given that Romero-Benumea had agreed to be sentenced within the guidelines range, focused on the most obvious ones.

Therefore, because Romero-Benumea's guilty plea stands, the agreement under Rule 11(c)(1)(C) limits the ways he can challenge his sentence, and we agree with counsel that those avenues are frivolous. Because Romero-Benumea stipulated to offense level 21, he cannot challenge the offense level calculation. *See United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004). Furthermore, any challenge to the criminal history calculation would be frivolous because, as counsel correctly concludes, there was no error, and so there can be no plain error. *See United States v. Garrett*, 528 F.3d 525, 527 (7th Cir. 2008).

In addition, any claim that Romero-Benumea's sentence was unreasonable would also be frivolous. The court sentenced Romero-Benumea within the guidelines range, and counsel identifies nothing, and we see nothing, that would overcome the presumption of reasonableness that would attach to a sentence within the guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008).

Finally, we agree with counsel that Romero-Benumea should save any claim of ineffective assistance of counsel for collateral proceedings, especially here where appellate counsel also represented Romero-Benumea in the district court. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly we GRANT counsel's motion to withdraw and DISMISS the appeal.