NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009[*]
Decided February 11, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-1892

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> FRANK A. BUTERA, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06-CR-613-1 <br><br> Suzanne B. Conlon, <br> *Judge.* |

**O R D E R**

Frank Butera pleaded guilty to two counts of mail fraud, *see* 18 U.S.C. § 1341, and one count of conspiracy to commit money laundering, *see id.* § 1956(h). The district court sentenced him to 87 months' imprisonment and ordered that he pay restitution. The district court did not, however, set a restitution schedule for the time during which Butera would

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

be incarcerated, and Butera did not object to this omission in the district court. On appeal Butera entreats us to overrule our recent decision in *United States v. Sawyer*, 521 F.3d 792 (7th Cir. 2008) and hold that the district court's failure to set a restitution schedule constituted plain error. We affirm.

Butera owned and operated two small trucking companies and several phony trucking companies. In late 1998 Butera began submitting fraudulent invoices to one of his customers, a cargo company, and continued his scheme for the next three years—incurring a total loss of over $3.4 million. Butera "laundered" the money by setting up bank accounts under aliases and buying property but placing title under his girlfriend's name. Federal investigators got wise to Butera's scheme and charged him with mail fraud, money laundering, engaging in monetary transactions with the proceeds from unlawful activity, and conspiracy to commit money laundering. After Butera pleaded guilty, the district court sentenced him to the low end of the guidelines range and ordered $3.4 million in restitution, due in full immediately.

On appeal Butera argues only that the district court erred by not setting a repayment schedule for the time during which he is incarcerated. *See* 18 U.S.C. § 3664(f)(2). Butera admits that he not did raise this issue in the district court and therefore our review is for plain error. *See United States v. Garrett*, 528 F.3d 525, 527 (7th Cir. 2008). Butera also acknowledges that our recent opinion, *United States v. Sawyer*, expressly precludes his position. In *Sawyer* we overruled several of our earlier cases and held that "a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration" and indeed, any repayment schedule *should not* begin until after the defendant's release. 521 F.3d at 795-98, *cert. denied*, *Sawyer v. United States*, No. 08-5150, 2009 WL 56285 (Jan. 12, 2009), *Rogers v. United States*, No. 08-5151, 2009 WL 56286 (Jan. 12, 2009), *Duncan v. United States*, No. 08-5122, 2009 WL 56284 (Jan. 12, 2009). Therefore the district court's failure to set a restitution schedule at the time of sentencing was not error—plain or otherwise. *Sawyer*, 521 F.3d at 796-98.

Butera argues, however, that *Sawyer* should be overturned. We require compelling reasons to overturn our circuit precedent. *See Santos v. United States*, 461 F.3d 886, 891 (7th Cir. 2006), *aff'd*, 128 S. Ct. 2020 (2008). Butera argues that *Sawyer* should be overturned because it is contrary to the plain language of § 3664(f)(2). But in *Sawyer* we carefully considered the plain language of § 3664(f)(2) and concluded that while it required that a district court set a repayment schedule, it did not specify when that schedule must begin. *See Sawyer*, 521 F.3d at 796. And, more to the point, Butera has not identified any compelling arguments not already addressed by *Sawyer* that persuade us to reconsider a case so recently decided. Finally, we note that *Sawyer* was circulated before release to all

active judges, Cir. R. 40(e), and no judge requested a hearing en banc. *Sawyer*, 521 F.3d at 798-99. Accordingly, the judgment of the district court is AFFIRMED.