In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 09-2589 & 09-2593

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTINE FAVARA and FRANK CUSTABLE, JR.,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:05-cr-00340—**Blanche M. Manning**, *Judge.*

ARGUED FEBRUARY 23, 2010—DECIDED AUGUST 11, 2010

Before BAUER, POSNER and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Christine Favara and Frank Custable were convicted of fraudulently acquiring and selling corporate securities. The district court sentenced Favara to 70 months in prison and Custable, the organizer of the scheme, to 262 months in prison. They appeal their sentences as unreasonable. For the reasons stated below, we affirm.

## I. BACKGROUND

### A. Frank Custable

In June 2008, Custable pleaded guilty to seventeen counts of wire and securities fraud for a scheme in which he fraudulently obtained restricted shares of stock in failing companies, concealed the transactions from the SEC, and then disseminated false information to create a market for the shares.

In addition to the fraud charges, Custable pleaded guilty to obstruction of justice and contempt of court, stemming from his conduct during the SEC's investigation of the stock scheme and its ensuing civil suit against him. One of the obstruction counts charged Custable and his attorney, Frank Luce, with an attempt to thwart the investigation by falsely telling the SEC that Luce represented one of Custable's former employees and that the employee would not cooperate with the agency's investigation. The contempt count and the second obstruction count reflected Custable's transfer and expenditure of assets that had been frozen during the SEC civil suit, in contravention of a federal court order.

After he pleaded guilty, the court sentenced Custable to 262 months in prison, within the recommended Guideline range. On appeal, Custable argues that the district court miscalculated his offense level, enhanced his sentence twice for his violation of the asset freeze order, improperly used a later version of the Guidelines, and imposed an unreasonably harsh sentence. Only the last three arguments were made in the district court.

### B. Christine Favara

Favara was an executive who worked with Custable to facilitate the stock transactions and falsify consulting contracts and SEC registration documents. In 2008, she pleaded guilty to a single count of securities fraud.

Before her guilty plea, and while free on bond in this case, Favara posed as an investment advisor and stole at least $155,000 in retirement funds from a client. She was again indicted for fraud, this time in the Eastern District of California, and her bond in this case was revoked. When Favara agreed to plead guilty, the government dismissed the California indictment.

At sentencing, the court acknowledged Favara's difficult childhood, her bipolar disorder and other arguments for a lenient sentence. But it held that the seriousness of the offenses warranted a sentence within the Guideline range and sentenced Favara to 70 months in prison, at the low end of the recommended range.

Favara timely appealed. She argues that the judge failed to adequately consider the advisory nature of the Guidelines and her arguments for a lenient sentence.

## II. DISCUSSION

In this appeal, the parties ask us to evaluate the fairness of the district court's sentencing procedures and the overall reasonableness of their sentences. We review the district court's imposition of within-Guidelines sentences for abuse of discretion. *United States v. Poetz*,

582 F.3d 835, 837 (7th Cir. 2009). We review de novo the procedures used during sentencing, including the court's consideration of the factors in 18 U.S.C. § 3553. *Id.*

### A. Custable

Custable provides four reasons why his sentence is unreasonable. First, he complains that the presentence investigation report ("PSR") overstated his offense level, which should have been six, and not seven. And so he asks us to remand so the district court can resentence him under the new, lower offense level.

We typically review de novo the district court's sentencing procedures. *United States v. Garrett*, 528 F.3d 525, 527 (7th Cir. 2008). Custable never objected in the district court to the base offense level, so we deem his arguments forfeited and review for plain error. *Id. See also United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005). On plain error review, we first determine whether there was error, whether it was plain, and whether it affected substantial rights. *Garrett*, 528 F.3d at 527. If these criteria are met, we then have discretion to grant relief if the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Even if we were to remand Custable's case with instructions to reduce his base offense level, there is no reason to believe a correction would affect the sentence, so any error is harmless. *See Garrett*, 528 F.3d at 527.

The PSR broke the counts against Custable into two groups, one composed of the fraud and contempt counts and the other containing the two obstruction counts. When a defendant is sentenced for more than one group of counts, the Guidelines prescribe the method whereby a court determines the "combined offense level" for the groups, with the goal of using the most serious offense as the starting point and "provid[ing] incremental punishment for significant additional criminal conduct." U.S. Sentencing Guidelines Manual ch. 3, pt. D, introductory cmt. Under these rules, when two groups of counts are both sufficiently serious such that the offense level for one group is only "5 to 8 levels less serious" than that of the most serious group, the defendant's total offense level is raised by one level. *See id*. § 3D1.4(b).

This is precisely the situation in Custable's case. As calculated by the PSR and adopted by the district court, the offense level for the group of fraud and contempt counts was forty-one, nine levels above that of the obstruction group, which was thirty-two. Reducing by one the offense level for his fraud counts will simply trigger the above grouping rule and result in the addition of a level to Custable's combined offense level, negating any reduction in the Guideline range.[1]

---

[1] The PSR set the offense level for Custable's second group of counts, the obstruction group, at 32. Reducing by one the offense level for the fraud/contempt group will result in an offense level of 40. The offense level applicable to the obstruction counts will thus be "8 levels less serious than the Group with

(continued...)

*See id*. We have no reason to believe that an error that did not affect the Guideline range affected the district court's sentencing decision as the district court stated its intention to impose a sentence within the applicable Guideline range. Any error is thus harmless.

We next turn to Custable's second claim, that the PSR impermissibly double-counted when it increased his offense level for violating a judicial order, *id*. § 2B1.1(b)(8)(c), and for obstructing justice, *id*. § 3C1.1. The rule against double-counting prevents a district court from imposing "two or more upward adjustments within the same Guideline range when both are premised on the same conduct." *United States v. Blum*, 534 F.3d 608, 612 (7th Cir. 2008) (citing *United States v. Schmeilski*, 408 F.3d 917, 919 (7th Cir. 2005)). Here, the district court's application of both enhancements was not double counting because each was based on distinct conduct, one for transferring frozen funds in violation of a judicial order and the other for interfering with the SEC's investigation.

Third, Custable argues that the district court failed to account for his cooperation with the government or

[1] (...continued)
the highest offense level," *see* U.S.S.G. § 3D1.4(b), and Custable's total offense level will be adjusted upward by one level.

Though the parties propose various ways to regroup the counts, none of them eliminates the need for two groups, one containing the fraud and another containing at least one obstruction count. *See id*. § 3D1.2 cmt. n. 5.

adequately consider the factors under 18 U.S.C. § 3553(a), and that the court violated the Constitution's prohibition against ex post facto laws by sentencing him under a later, harsher version of the Guidelines than that in effect at the time of the crimes. As a result, Custable says his sentence is unreasonable. As discussed above, we review the district court's sentencing procedures, including its consideration of the § 3553 factors de novo, *United States v. Corson*, 579 F.3d 804, 813 (7th Cir. 2009), and the substantive reasonableness of Custable's sentence for abuse of discretion. *Poetz*, 582 F.3d at 837.

In light of the Sentencing Guidelines' advisory nature, a district court must give meaningful consideration to the § 3553 factors, as well as the Guidelines range, and the sentence must be "objectively reasonable in light of the statutory factors and the individual circumstances of the case." *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). Rather than address each factor, the district court need only provide an adequate statement of its reasons why the selected sentence is appropriate. *Id.* (citing *United States v. Harris*, 490 F.3d 589, 597 (7th Cir. 2007)).

Though it ultimately imposed a sentence within the Guidelines range, the district court adequately considered the § 3553 factors and we do not find the sentence unreasonable. In addition to discussing its reasons at length during the sentencing hearing, the court provided a detailed written statement with its sentencing order. The court's statements indicate its consideration of Custable's cooperation with the govern-

ment, which it termed "substantial" and "extensive." It also considered Custable's family circumstances and acceptance of responsibility. The court's reasoned consideration of the § 3553 factors and the individual circumstances of Custable's case comports with its discretion to fashion a sentence "sufficient but not greater than necessary" to satisfy the objectives of the Guidelines. 18 U.S.C. § 3553(a). The mere fact that the defendant cooperated with the government did not bind the court to impose a lenient sentence. The court found significant Custable's history of unlawful financial dealings, his role as "mastermind" of the scheme, the level of planning required, and his failure to repatriate from an off-shore bank account the proceeds of his scheme. We do not find unreasonable its determination that these factors tipped the balance in favor of a within-Guidelines sentence.

Finally, we dispose of Custable's argument that the court's reliance on the 2008 version of the Guidelines violates the Constitutional prohibition against ex post facto laws. Custable claims that the 2008 Guidelines impose a more serious offense level, and thus a harsher sentence, than the Guidelines in effect in 2001 or 2002 when he committed the offenses. Section 2B1.1 of the 2002 Guidelines calls for a base offense level of six, and a four-point enhancement for the number of victims, instead of the six-point increase Custable received under the 2008 Guidelines. But this argument is foreclosed by *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). In *Demaree*, we held that, because the Guidelines are

only advisory in nature, a court's use of a later version does not offend ex post facto. *Id*. We find no reason to abandon that conclusion today. *United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009); *see also United States v. Panice*, 598 F.3d 426, 435 (7th Cir. 2010).

### B. Favara

Favara similarly challenges the reasonableness of her sentence. She argues that the judge treated the Sentencing Guidelines as mandatory and thus failed to adequately consider her arguments for a below-Guidelines sentence, especially the role her now controlled bipolar disorder played in her fraudulent conduct.

We presume the district court's imposition of a within-Guidelines sentence is reasonable and review it for abuse of discretion. *Poetz*, 582 F.3d at 837. We review de novo its procedures during sentencing, including the court's consideration of the § 3553 factors. *Id*.

Judge Manning, in correcting an error in the initial Guideline calculation, stated that her "intent was to impose the low end of the Guideline range." Favara says this statement is evidence that the judge presumed the reasonableness of the Guidelines and did not adequately consider arguments in favor of a below-Guidelines sentence.

Though the district judge indicated her intent to set Favara's sentence at the low end of the range, when viewed in context, the judge's comment and the

resulting sentence were based on her view that a within-Guideline sentence was appropriate *in Favara's case. See United States v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008). The judge recognized her discretion to impose a sentence below the Guidelines, if warranted. At the second sentencing hearing, the judge acknowledged her discretion to depart from the Guidelines, saying, "I can impose whatever sentence I deem appropriate under [§] 3553." That she also attached a thirteen-point explanation, based on Favara's unique circumstances, as to why a within-Guidelines sentence was appropriate in this case further indicates her recognition of the Guidelines' advisory nature.

Judge Manning's written statement that Favara's difficult past "favors leniency," further shows that she recognized her discretion, but thought leniency was not appropriate. Further buttressing this view is the fact that the judge imposed a bottom-of-the-Guidelines sentence despite her recognition of several aggravating factors—including Favara's theft of an elderly couple's retirement savings *while on bond in the present case*—that warranted a "very tough sentence." The judge clearly recognized the advisory nature of the Guidelines and appropriately based her sentence on the facts of Favara's case.

Favara next presents a series of arguments that the judge gave inadequate consideration to her bipolar disorder, and that Favara committed the offense "while suffering from a significantly reduced mental capacity." As we indicate above, the judge indeed considered

Favara's illness. She permitted a psychiatric evaluation and delayed sentencing to allow Favara to present the report. Both at the sentencing hearing and in her written memorandum explaining the sentence, the judge acknowledged that Favara's bipolar disorder was a factor contributing to the offenses and favored leniency. But she went on to state that the seriousness of Favara's conduct and her inability to remain compliant with treatment despite a longstanding awareness of the bipolar disorder favored a harsh sentence. The law requires no more. The discretion to impose a below-Guidelines sentence is in the judge's hands. A sentencing judge must indicate her consideration of arguments in favor of mitigation under § 3553. But she is not *required* to reduce the sentence anytime a defendant presents evidence that mental illness was a factor. *See United States v. Campos*, 541 F.3d 735, 750-51 (7th Cir. 2008) (defendant must rebut presumption that within-Guidelines sentence is reasonable).

Finally, Favara's 70-month sentence was not unwarrantedly disparate from her co-defendants, several of whom received probation. Section 3553 requires the judge to consider, among other things, whether a particular sentence would create unwarranted disparities with other defendants, but only among defendants with "*similar records* who have been found guilty of *similar conduct*." 18 U.S.C. § 3553(a)(6) (emphasis added). Favara omits the emphasized language from her brief, but that makes it no less fatal to her argument. The judge indicated in her written explanation that she considered the disparity, but found it warranted in light of

the seriousness of the offenses, Favara's history, and the fact that she embezzled $150,000 while awaiting trial. "Unlike the other co-defendants . . . Favara's conduct followed a long history of other fraudulent behavior." The judge thus adequately considered any disparity between Favara's sentence and those of her co-defendants and in any event Favara's conduct and record warranted such a disparity.

### III. CONCLUSION

The error in Frank Custable's offense level calculation was harmless. Neither his nor Christine Favara's sentences are unreasonable. We affirm.