**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jermaine JONES, Defendant–Appellant.**

No. 10–2580.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 9, 2011.*

Decided Feb. 9, 2011.

Michael J. Chmelar, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Johanna M. Christiansen, Attorney, Richard H. Parsons, Attorney, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

Before FRANK H. EASTERBROOK, Chief Judge, MICHAEL S. KANNE, Circuit Judge, and ANN CLAIRE WILLIAMS, Circuit Judge.

## ORDER

Jermaine Jones and his wife stole more than 2,100 Social Security numbers from her workplace and used this information to obtain loans over the Internet. Jones pleaded guilty to wire fraud, *see* 18 U.S.C. § 1343, and was sentenced to a below-guidelines term of 58 months' imprisonment. In calculating Jones's imprisonment range, the district court followed our decision in *United States v. Demaree*, 459 F.3d 791 (7th Cir.2006), and used the guidelines manual in effect on the date of sentencing. If the court had used the guidelines manual in effect when Jones committed his crime, however, Jones's offense level would have been lower—and thus too his imprisonment range.

On appeal Jones asks us to overrule *Demaree*, which held not only that the district court must use the guidelines manual in effect on the date of sentencing but also that the Ex Post Facto Clause poses no obstacle. This is not the first time we have been invited to abandon *Demaree*, but we have yet to be offered a compelling reason. *See, e.g., United States v. Favara*, 615 F.3d 824, 829 (7th Cir.2010), *petition for cert. filed sub nom. Custable v. United States*, 79 U.S.L.W. 3310 (U.S. Nov. 9, 2010) (No. 10–631); *United States v. Nurek*, 578 F.3d 618, 625–26 (7th Cir.2009), *cert. denied,* — U.S. —, 130 S.Ct. 2093, 176 L.Ed.2d 729 (2010); *United States v. Patterson*, 576 F.3d 431, 444 (7th Cir. 2009), *cert. denied,* — U.S. —, 130 S.Ct. 1284, 175 L.Ed.2d 1078 (2010). In fact Jones does not even offer a new argument. He acknowledges, though, that he

does not anticipate our upsetting precedent but simply wishes to preserve the issue for presentation to the Supreme Court.

AFFIRMED.