**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2580

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 CR 565-2 |
| JERMAINE JONES, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Jermaine Jones and his wife stole more than 2,100 Social Security numbers from her workplace and used this information to obtain loans over the Internet. Jones pleaded guilty to wire fraud, *see* 18 U.S.C. § 1343, and was sentenced to a below-guidelines term of 58 months' imprisonment. In calculating Jones's imprisonment range, the district court followed our decision in *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), and used the guidelines manual in effect on the date of sentencing. If the court had used the guidelines

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

manual in effect when Jones committed his crime, however, Jones's offense level would have been lower—and thus too his imprisonment range.

On appeal Jones asks us to overrule *Demaree*, which held not only that the district court must use the guidelines manual in effect on the date of sentencing but also that the Ex Post Facto Clause poses no obstacle.  This is not the first time we have been invited to abandon *Demaree*, but we have yet to be offered a compelling reason.  *See, e.g., United States v. Favara*, 615 F.3d 824, 829 (7th Cir. 2010), *petition for cert. filed sub nom. Custable v. United States*, 79 U.S.L.W. 3310 (U.S. Nov. 9, 2010) (No. 10-631); *United States v. Nurek*, 578 F.3d 618, 625-26 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2093 (2010); *United States v. Patterson*, 576 F.3d 431, 444 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1284 (2010).  In fact Jones does not even offer a new argument.  He acknowledges, though, that he does not anticipate our upsetting precedent but simply wishes to preserve the issue for presentation to the Supreme Court.

AFFIRMED.