**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011[*]
Decided July 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1413

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 3:10-CR-30142-WDS |
| LATONYA ROBINSON, *Defendant-Appellant*. | William D. Stiehl, *Judge*. |

**O R D E R**

LaTonya Robinson pleaded guilty to mail fraud, conspiracy to commit mail fraud, and false statements, *see* 18 U.S.C. §§ 1001(a), 1349, 1341, after she was caught defrauding the Federal Emergency Management Agency and other organizations in St. Clair County, Illinois from roughly 2005 until 2008–in the wake of Hurricane Katrina. Robinson was sentenced to a within-guidelines term of 21 months' imprisonment. In calculating Robinson's guidelines range, the district court followed our decision in *United States v.*

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

*Demaree*, 459 F.3d 791 (7th Cir. 2006), and used the version of the guidelines in effect on the date of sentencing; as a result, the court applied a 2-level upward adjustment under U.S.S.G. § 2B1.1(b)(11), which was introduced into the 2008 version of the guidelines to address fraudulent schemes taking advantage of disaster relief. If the court had used the guidelines manual in effect when Robinson committed her crimes, however, her offense level, and consequently her guidelines range, would have been lower.

On appeal Robinson contends that applying the later guidelines manual violated the Ex Post Facto Clause because the application resulted in a higher guidelines range, thereby creating a "significant risk of increased punishment." She asks us to overrule *Demaree*, which held not only that the district court must use the guidelines manual in effect on the date of sentencing but also that the Ex Post Facto Clause poses no obstacle. This is not the first time we have been invited to abandon *Demaree*, but we have yet to be offered a compelling reason. *See, e.g., United States v. Favara*, 615 F.3d 824, 829 (7th Cir. 2010), *cert. denied, Custable v. United States*, 131 S.Ct. 1812 (2011); *United States v. Nurek*, 578 F.3d 618, 625-26 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 2093 (2010); *United States v. Patterson*, 576 F.3d 431, 444 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 1284, (2010). Robinson does not offer a new argument but simply asks us to reconsider our position.

AFFIRMED.