NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided March 9, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2833

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-53 |
| TROY SMITH, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

In 2008 Troy Smith pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. §§ 846, 841(b)(1)(B). He appealed and we remanded for resentencing. *United States v. Smith*, 400 F. App'x 96, 97 (7th Cir. 2010). Discontented with the resentencing, he appeals again, raising two claims in his brief and attempting a third in his reply brief. His claims are meritless, and so we affirm.

When Smith was sentenced initially, Judge Randa found him to be a career offender, *see* U.S.S.G. § 4B1.1, based on prior convictions for fleeing a police officer and armed robbery. *Smith*, 400 F. App'x at 98. Judge Randa sentenced Smith to 176 months' imprisonment, a term primarily based on the sentencing guidelines and a 30% reduction in sentence requested by the government in a motion under U.S.S.G. § 5K1.1. *Id.* at 97, 99.

Smith appealed, insisting that Judge Randa had erred by counting his conviction for fleeing a police officer, WIS. STAT. § 346.04(3), as a "crime of violence" for purposes of U.S.S.G. § 4B1.1. *Smith*, 400 F. App'x at 99. This court upheld the determination, explaining that *United States v. Dismuke*, 593 F.3d 582, 596 (7th Cir. 2010), rejects the identical argument. *Smith*, 400 F. App'x at 99. But we concluded that Judge Randa had committed reversible error by failing to resolve all contested factual issues at sentencing, *see* FED. R. CRIM P. 32(i)(3)(B); the judge had denied Smith a downward adjustment for acceptance of responsibility because Smith might have induced a friend to submit a perjured affidavit to the court, but the judge explicitly declined to decide whether that affidavit was false. *Smith*, 400 F. App'x at 99. We vacated Smith's sentence and remanded. *Id.* at 99–100.

On remand—after Smith had petitioned unsuccessfully for a writ of certiorari, *Smith v. United States*, 79 U.S.L.W. 3608 (U.S. Apr. 25, 2011) (No. 10-8514)—the case was reassigned to Judge Adelman. He gave Smith a three-level reduction for accepting responsibility and calculated a revised imprisonment range of 188 to 235 months based on a total offense level of 31 and criminal-history category of VI. The government renewed its § 5K1.1 motion, again requesting a sentence 30% below the range. Judge Adelman posed this query: "Turning now to the 5K1.1 issue, the Government previously moved for a departure; and Judge Randa ran it 30 percent. I've read the submission. It doesn't appear to me that either side wants to revisit that issue. Is that a fair statement?" Both the prosecutor and Smith's lawyer agreed with Judge Adelman's understanding. The court thus announced that it would "maintain that departure," making the presumptive imprisonment range 132 to 165 months.

Judge Adelman then observed that, when accounting for substantial assistance, he "typically" shuns percentages; rather, he looks at the five factors listed in § 5K1.1 and reduces the probable sentence by the equivalent of two offense levels for each factor he finds applicable. He went on to compare the result from the agreed 30% reduction to the probable outcome using his own methodology. Without identifying which of the five factors he found present in this case, Judge Adelman shared his assessment that a reduction equivalent to four offense levels would have been appropriate for Smith and would have yielded a presumptive sentence of 130 to 162 months, only slightly better than the 30% reduction agreed to by the parties. Based on additional considerations under 18 U.S.C. § 3553(a), Judge Adelman then concluded that a 120-month sentence was appropriate and reduced that number by 24 months to reflect the amount of time Smith had served on his undischarged state sentence. And so, after being sentenced initially to 176 months, Smith was resentenced to 96 months.

Smith's first appellate claim is a rehash of his career-offender argument. That issue was resolved in the previous appeal, and the ruling is law of the case. *See Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011); *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008). In

any event, Smith concedes that his argument is foreclosed by *Sykes v. United States*, 131 S. Ct. 2267 (2011).

Smith's second claim is that Judge Adelman created a "sentencing disparity" by failing to apply his own, preferred methodology for valuing substantial assistance. *See* 18 U.S.C. § 3553(a)(6). Of course, Judge Adelman said that his methodology would have yielded a reduction equivalent to four offense levels, leaving Smith in a position only nominally better than where he ended up with his 30%. Smith asserts, however, that his cooperation was actually worth ten levels, not four. Thus, according to Smith, Judge Adelman created a disparity by correctly applying his favored methodology to other defendants but not Smith.

But Smith explicitly waived this contention at resentencing by telling Judge Adelman that he had no objection to the 30% reduction. *See United States v. McGraw*, 571 F.3d 621, 630 (7th Cir. 2009); *United States v. Hill*, 552 F.3d 541, 545 (7th Cir. 2008). In any event Smith's disparity argument is frivolous. Even if we found that Judge Adelman had undervalued Smith's cooperation, and even if Smith is correct in saying that 18 U.S.C. § 3553(a)(6) regulates an individual judge from case to case, that provision addresses disparities among defendants with similar records who have been found guilty of similar conduct, and he has not identified any comparators. *United States v. Durham*, 645 F.3d 883, 897 (7th Cir.), *petition for cert. filed*, (U.S. Sept. 26, 2011) (No. 11-6639); *United States v. Favara*, 615 F.3d 824, 830 (7th Cir. 2010).

Finally, in response to the government's brief, Smith introduces a third claim in his reply brief. He now insists that Judge Adelman imposed a procedurally unreasonable sentence by failing to explain why his cooperation was worth only four offense levels. Claims raised for the first time in a reply brief are waived. *United States v. Yu Tian Li*, 615 F.3d 752, 757 (7th Cir. 2010). More importantly, Smith continues to refuse to accept that his cooperation was measured at the 30% level that both he and the government had asked Judge Adelman to apply. In sentencing Smith, the judge did discuss his "typical" approach to reductions under § 5K1.1, but both at the hearing and in his Statement of Reasons, Judge Adelman was careful to signal that his dictum was offered as confirmation that 30% was roughly equivalent to the reduction he "would" have given under his own methodology. But since Judge Adelman's "typical" methodology played no role in determining Smith's sentence, the judge was not required to explain how he arrived at four levels.

AFFIRMED.