NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013
Decided May 31, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2774

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>MATTHEW J. FLASKRUD,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 12-CR-27-WMC-01<br><br>William M. Conley,<br>*Chief Judge.* |

**O R D E R**

Matthew Flaskrud raped a woman in front of her two children and in 2004 was convicted of third-degree sexual assault in Wisconsin. *See* WIS. STAT. § 940.225(3). He was sentenced to 30 months in prison to be followed by a term of extended supervision. Because of his conviction he also was required to register as a sex offender until 2029 under the Sex Offender and Notification Act ("SORNA"). *See* 42 U.S.C. §§ 16911, 16913, 16915. After serving his prison sentence, Flaskrud was released on supervision but reimprisoned in April 2010 for violating the terms of his supervision by, among other things, punching his son and ignoring a restraining order. Flaskrud was again released on extended supervision in November 2010, but in July 2011 he was arrested and charged with battery after punching a man in a bar. *See* WIS. STAT. § 940.19(2). He fled to Colorado without updating his sex-offender registration. Federal authorities then charged Flaskrud with traveling in interstate commerce and not updating his SORNA registration. *See* 18 U.S.C. § 2250(a).

Meanwhile, Wisconson authorities dismissed the battery charge after Flaskrud was returned from Colorado, but his supervision again was revoked.

In federal court Flaskrud pleaded guilty to violating § 2250(a) and was sentenced above the guidelines range to 48 months' imprisonment. Flaskrud has filed a notice of appeal, but his appointed attorney believes the appeal is frivolous and seeks to withdraw. *See Anders v. California,* 386 U.S. 738, 744 (1967). Flaskrud has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Flaskrud does not want his guilty plea set aside, and thus counsel properly refrains from discussing the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Flaskrud could challenge the reasonableness of his prison sentence but properly concludes that any such challenge would be frivolous. We will uphold as reasonable an above-guidelines sentence so long as the district court considered the factors in 18 U.S.C. § 3553(a) and adequately explained its reasons for imposing the sentence. *See United States v. Hill,* 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland,* 642 F.3d 545, 550 (7th Cir. 2011). At sentencing Flaskrud acknowledged that the district court had correctly calculated his imprisonment range at 21 to 27 months (based on a total offense level of 10 and category V criminal history). But the court concluded that a sentence within that range would understate the severity of Flaskrud's violent and extensive criminal history. *See* 18 U.S.C. § 3553(a)(2); U.S.S.G. § 4A1.3. The judge was "struck" by Flaskrud's criminal history, which includes 13 adult convictions (only 4 resulting in criminal-history points). Among those crimes are the rape underlying his 2004 conviction, several batteries, child abuse, and the statutory rape of a 15-year-old girl. As the judge recognized, Flaskrud engaged in much of this conduct soon after his release from prison on other charges and often while on supervision. The court noted that Flaskrud had been diagnosed with antisocial personality disorder, but concluded that Flaskrud had not explained how that diagnosis made him less culpable or reduces the chance of recidivism. *See United States v. Patrick,* 707 F.3d 815, 819 (7th Cir. 2013); *United States v. Favara,* 615 F.3d 824, 830 (7th Cir. 2010). The judge contemplated imposing an even longer sentence, but after considering the guidelines range, decided that 48 months was sufficient. We would not conclude that the court abused its discretion. *See United States v. Padilla,* 618 F.3d 643, 646 (7th Cir. 2010); *United States v. Jackson,* 576 F.3d 465, 470 (7th Cir. 2009); *United States v. McKinney,* 543 F.3d 911, 914 (7th Cir. 2008).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.