**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 30, 2013
Decided August 16, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2184

| | |
|---|---|
| UNITED STATES OF AMERICA, | On Remand from the |
| *Plaintiff-Appellee,* | United States Supreme Court |
| | |
| *v.* | |
| | |
| MARVIN PEUGH, | |
| *Defendant-Appellant.* | |

## O R D E R

This case is before us on remand from the United States Supreme Court. For the reasons set forth below, we remand to the district court for resentencing.

A jury convicted Marvin Peugh of five counts of bank fraud.  He was sentenced to seventy months' imprisonment, and ordered to pay nearly two million dollars in restitution. The fraudulent scheme was complex, but for these purposes it suffices to note that it involved representing to a bank that his agricultural companies had valuable contracts that they did not have, and inflating the balances of bank accounts by writing a

series of bad checks. Because Peugh petitioned the Supreme Court for certiorari on but one sentencing issue, we need not recite all of the facts in detail. For reference, the full factual and procedural background underlying this case have been described in our earlier decision, *United States v. Peugh, 675 F.3d 736 (7th Cir. 2012), vacated and remanded,* 133 S. Ct. 2072 (2013).

The defendant petitioned the Supreme Court for a writ of certiorari on one sentencing issue alone—whether Peugh's sentence violated the ex post facto clause of the United States Constitution when he was sentenced under Guidelines promulgated after he committed his criminal acts, where the new version provided a higher applicable Guidelines sentencing range than the version in place at the time he committed the offense. Specifically, the 2009 Guidelines in effect at the time of sentencing recommended a sentence of 70-87 months. The low end of the 2009 guidelines range was 33 months higher than the high end of the 1998 Guidelines range in effect when Peugh committed his crime.

At the time we considered Peugh's appeal, this Circuit had concluded that the retroactive application of Guidelines does not create any ex post facto problems. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). After *Demaree*, we declined on many occasions to overrule its holding. *See, e.g., United States v. Sanchez, 710 F.3d 724, 727 (7th Cir. 2013); United States v. Vallone*, 698 F.3d 416, 489 (7th Cir. 2012); *United States v. Robertson,* 662 F.3d 871, 876 (7th Cir. 2011); *United States v. Favara,* 615 F.3d 824, 829 (7th Cir. 2010).

The Supreme Court granted the defendant's petition in this case and, overruling *Demaree*, held that a court's use of the Guidelines in effect at the time of sentencing was an ex post facto violation, as the Guidelines had changed to the detriment of the defendant after he committed his offenses. *Peugh v. United States*, 133 S. Ct. 2072, 2088 (2013). The judgment in this case was reversed and it was remanded to this court for "further proceedings consistent with this opinion." *Id.*

The parties have filed a Joint Circuit Rule 54 Statement reflecting their mutual view that the case should be remanded to the district court for resentencing. We agree. Because Peugh petitioned for certiorari on only one issue, however, the remainder of the holdings in *Peugh*, 675 F.3d 736 (7th Cir. 2012) remain intact. We therefore reinstate and incorporate by reference our opinion of March 28, 2012 (675 F.3d 736) with the exception of subsection II.C of the opinion which addresses the ex post facto clause and sentencing. We remand to the district court for resentencing consistent with the Supreme Court's opinion in this matter.

IT IS SO ORDERED.