PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 03-4503

SAMUEL C. TIGNEY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., District Judge.
(CR-02-40)

Argued: February 24, 2004

Decided: May 5, 2004

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by published opinion. Judge Motz wrote the
opinion, in which Judge Traxler and Senior Judge Hamilton joined.

## COUNSEL

**ARGUED:** Barry Philip Beck, POWER, BECK & MATZUREFF,
Martinsburg, West Virginia, for Appellant. David J. Perri, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee. **ON
BRIEF:** Thomas E. Johnston, United States Attorney, Wheeling,
West Virginia, for Appellee.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Samuel C. Tigney appeals the district court's calculation of his criminal history category. He contends that the court erred in including his prior sentences for failure to appear when assessing his criminal history. The offense of failure to appear is "similar to" the offense of contempt of court, and therefore the United States Sentencing Guidelines instruct that a court should exclude a sentence for "failure to appear" from a defendant's criminal history. Accordingly, we vacate Tigney's sentence and remand for resentencing.

I.

Following Tigney's conviction for making a false statement in connection with the attempted acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) (2000), the Probation Office prepared a presentence report in which it assigned him four criminal history points. Two of these points were attributable to prior misdemeanor convictions (one point for each conviction) for failing to appear in West Virginia state court.[1] On each occasion, after a police officer issued a citation ordering Tigney's appearance in court on a designated date, Tigney failed to appear as required, ultimately pleaded guilty to the offense, and was sentenced to pay a fine.

Tigney objected to the presentence report, contending that the Probation Office improperly included the sentences attributable to these two failure-to-appear convictions in calculating his criminal history. He argued that these convictions constituted misdemeanors "similar to" contempt of court and so the Probation Office should have excluded them from his criminal history calculation pursuant to

---

[1]Although Tigney was actually convicted of violating a local ordinance, Martinsburg, W. Va., Ordinances § 501.07 (1995), failure to appear is also a criminal offense under state law. *See* W. Va. Code § 62-1-5a (2000). Accordingly, we must treat Tigney's sentences for failure to appear as if he had been convicted under the state statute, W. Va. Code § 62-1-5a. *See* U.S. Sentencing Guidelines Manual § 4A1.2, cmt. n.12 (2003).

§ 4A1.2(c)(1) of the U.S. Sentencing Guidelines. The district court disagreed. Relying on West Virginia law to define the offenses, the court determined that although "failure to appear looks like a lesser offense [than contempt of court], . . . it is not necessarily a lesser included." Concluding that the elements of the two offenses were therefore "dissimilar," the court overruled Tigney's objection and adopted the calculation in the presentence report.

With four criminal history points, Tigney was classified as a Category III offender, and with an offense level of fourteen, the applicable guideline range was twenty-one to twenty-seven months imprisonment. U.S.S.G. ch. 5, pt. A. The district court imposed a mid-range sentence of twenty-four months. If Tigney had not been assigned two criminal history points for his failure-to-appear sentences, he would have been a Category II offender, and the applicable guideline range would have been eighteen to twenty-four months imprisonment. *Id.*

## II.

"The Guidelines create a general presumption that all prior sentences within the applicable time period will be included in calculating a defendant's criminal history category." *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). Thus, sentences for all felony offenses are counted. U.S.S.G. § 4A1.2(c). Similarly, sentences for misdemeanors are included *unless* they fall within the limited exception delineated in § 4A1.2(c). As relevant here, § 4A1.2(c)(1) excludes from calculation sentences received for fifteen listed offenses "*and offenses similar to them*, by whatever name they are known," if the sentence imposed was less than one year probation or thirty days imprisonment, and the prior offense was not similar to the instant offense. U.S.S.G. § 4A1.2(c)(1) (emphasis added). One of the enumerated excluded offenses is "contempt of court."

In this case, it is undisputed that failure to appear is not a listed offense; that Tigney's only sentence for the failure-to-appear offenses was imposition of a fine; and that those offenses were unrelated to the instant offense. Thus, the sole question before us is a narrow one: whether failure to appear under West Virginia law is "similar to" one of the enumerated offenses under § 4A1.2(c). In particular, Tigney argues that failure to appear is "similar to" contempt of court.

To ascertain whether a prior offense is "similar to" one of the listed offenses, we apply an "elements test;" we compare "the elements of the prior offense to the elements of the relevant offense listed in Section 4A1.2(c)" to determine whether they are "nearly corresponding" or "resembling in many respects." *Harris*, 128 F.3d at 854-55 (internal quotation marks and citation omitted). Although state law defines the *predicate* offenses in this case, we adopt the approach uniformly followed by other circuits and look to federal law to determine the elements of the *listed* offense, as well as for the ultimate determination of whether the two offenses are "similar." *See United States v. Martinez-Santos*, 184 F.3d 196, 198 (2d Cir. 1999) (noting that "other circuits have uniformly found the classification of offenses as 'similar' to the offenses listed in § 4A1.2(c) to be a matter of federal law, even though the prior offenses are defined and the sentences imposed under state law"); *see also United States v. Elmore*, 108 F.3d 23, 25 (3d Cir. 1997) ("We determine the meaning of 'disorderly conduct' [a listed offense] pursuant to federal, not state, law.").

"The phrase 'contempt of court' is generic, embracing within its legal signification a variety of different acts." 17 C.J.S. Contempt § 3 (1999). It includes "[a]ny act which is calculated to embarrass, hinder, or obstruct [a] court in administration of justice, or which is calculated to lessen its authority or dignity." Black's Law Dictionary 319 (6th ed. 1990). Contempt of court is broad enough to encompass acts occurring before a judge, as well as those outside the court's presence. *Id.* The federal contempt of court statute recognizes, and punishes, both manifestations of contempt. *See* 18 U.S.C.A. § 401 (West 2003). As relevant here, the federal criminal contempt statute prohibits, *inter alia*, "[d]isobedience or resistance to [the court's] lawful writ, process, order, rule, decree, or command." *Id.*[2] Thus, as the Gov-

---

[2]In its entirety, § 401 provides that:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as — (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

ernment conceded at oral argument, the elements of "contempt of court" are (1) disobedience (2) of a lawful official court order.

Similarly, "failure to appear" also requires (1) disobedience (2) of a lawful official order. But, of course, "failure to appear" has a far narrower reach than contempt of court, in that it outlaws a particular manner of disobeying that order — by failing to appear in court on the designated date. *See* W. Va. Code § 62-1-5a. A person can violate a lawful official court order in numerous ways; all amount to contempt, but only one constitutes a failure to appear in court pursuant to a lawful official order. Given that both offenses punish offenders for disobeying a lawful official order, we have no difficulty concluding that the elements of failure to appear "resembl[e] in many respects" or "nearly correspond[ ]" to the elements for contempt of court. *Harris*, 128 F.3d at 854.[3]

---

[3]There is, however, an important distinction between contempt of court generally and failure to appear under the circumstances presented here. In this case, Tigney was convicted of failing to appear in court in response to a citation issued by a police officer, not by the court. Because an essential element of contempt of court under § 401(3) is that the *court* enter a "lawful order," *United States v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001), the federal contempt statute would not even have criminalized Tigney's conduct. The Government does not argue that this distinction renders the two offenses "dissimilar," and, of course, offenses need not be identical to qualify as "similar" under § 4A1.2(c). *See United States v. Spaulding*, 339 F.3d 20, 22 (1st Cir. 2003). Moreover, to the extent that the elements of the two offenses diverge in this one respect, we note that failure to appear is also "similar to" another enumerated offense — "[h]indering or failure to obey a police officer." U.S.S.G. § 4A1.2(c)(1); *cf. United States v. Wilson*, 927 F.2d 1188, 1189-90 (11th Cir. 1991) (finding that "military AWOL" is "similar to the listed civilian offenses of '[c]ontempt of court,' and '[h]indering or failure to obey a police officer' because they "similarly involve a disregard for lawful authority"). Both require the defendant to (1) fail to comply (2) with a lawful order (3) issued by a police officer. *See, e.g.*, W. Va. Code § 17C-2-3(c) ("No person shall willfully fail or refuse to comply with a lawful order or direction of any police officer . . . ."). Again, failure to appear is slightly more specific in that it requires the non-compliance to be in the form of failing to appear in court on the designated date, but the elements still "resembl[e]" each other "in many respects." *Harris*, 128 F.3d at 854.

Although the Government itself acknowledges that failure to appear could "technically [be] a form of contempt," and admits that there is "some similarity" between the two offenses, it nevertheless argues that because contempt of court encompasses a broad array of behaviors and applies to other parties beyond the defendant, it cannot be considered "similar to" failure to appear. The Government's approach, which would bar exemption of an offense that the Government itself concedes actually is a *form* of contempt of court, would essentially preclude *any* offense which was "similar to" but not itself "contempt of court" from coming within the ambit of § 4A1.2(c). This result conflicts with the plain language of § 4A1.2(c)(1), which expressly excludes not only "contempt of court" but also "similar" offenses. Not surprisingly then, the Government fails to cite, and we have found no legal support for this novel argument.[4]

The Government also maintains that a comparison of the respective punishments for failure to appear and contempt of court favor its interpretation. But, in fact, this comparison only serves to demonstrate further the similarity between the offenses. Although we declined in *Harris* to "define 'similar' offenses *primarily* with reference to factors

---

[4]In addition, the Government contends that the omission of a specific sentencing guideline for contempt, and provision of individual guidelines for failure to appear, demonstrate that the "offenses are not treated similarly in the Guidelines." This argument is equally unavailing. First, *no* guideline addresses the sort of failure-to-appear offense at issue here — a defendant's failure to appear in response to a police citation *without* having first been arrested and released by the court. *See* U.S.S.G. § 2J1.5 (addressing a material *witness's* failure to appear); U.S.S.G. § 2J1.6 (addressing a defendant's failure to appear *after being released*). But, more importantly, the contempt of court guideline instructs courts to apply the guideline of an analogous crime. *See* U.S.S.G. § 2J1.1 (instructing courts to apply § 2X5.1 which in turn directs courts to apply "the most analogous offense guideline"). In looking for such an "analogous" guideline, several courts have applied those for failure to appear. *See United States v. Jones*, 278 F.3d 711, 716 (7th Cir. 2002); *see also United States v. Ryan*, 964 F. Supp. 526, 529-30 (D. Mass. 1997) (summarizing possible analogous guidelines, including failure to appear by a material witness). Thus, on examination, this argument only provides further support for the conclusion that the two offenses are indeed "similar."

such as their respective punishments," *Harris*, 128 F.3d at 855 (emphasis added), we suggested that such a comparison might be warranted if the defendant first established some similarity between the elements. *Id.* (stating that "[a]bsent any similarity between the elements of [the defendant's] prior offense and the elements of the offenses listed in Section 4A1.2(c), we do not need to consider possible similarities in the punishments"). Thus, having in this case established a similarity between the offenses based on a comparison of the elements, we now look to their respective punishments.

Contempt of court and failure to appear under West Virginia law carry the same punishment — both leave the court with discretion to fix the penalty. *Compare* 18 U.S.C. § 401 (giving the court the "power to punish by fine or imprisonment, or both, *at its discretion*, such contempt of its authority") (emphasis added) *with* W. Va. Code § 61-11-17 (stating that when the punishment for a misdemeanor is not otherwise prescribed (as with § 62-1-5a), it shall be "ascertained by the court"). Thus, the punishments for contempt of court and the failure to appear violations at issue here are commensurate, providing an additional indication that the offenses are substantively "similar."

### III.

For all of these reasons, we hold that failure to appear under West Virginia law is "similar to" contempt of court, and thus falls within the misdemeanor exception under § 4A1.2(c)(1). As a result, the district court improperly sentenced Tigney as a Category III offender. Accordingly, we vacate Tigney's sentence and remand for resentencing consistent with this opinion.

*VACATED and REMANDED*