# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

WARREN SANDERS, a/k/a William
McKinney, a/k/a New York Mike,
a/k/a Charlie Brown,
           *Defendant-Appellant.*

No. 03-4768

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-03-86)

Submitted: May 21, 2004

Decided: August 27, 2004

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

John H. Tinney, Jr., John K. Cecil, THE TINNEY LAW FIRM,
P.L.L.C., Charleston, West Virginia, for Appellant. Kasey Warner,
United States Attorney, Miller A. Bushong III, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Warren Sanders pled guilty to distribution of more than five grams of cocaine base (crack), 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of 262 months imprisonment. He contends on appeal that the district court erred in assigning him one criminal history point, pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.1(c)(1) (2002), for a prior seven-day West Virginia sentence for fleeing on foot from a law enforcement officer.[1] Because the offense of fleeing is similar to an offense listed in § 4A1.2(c)(1), we vacate Sanders' sentence and remand for resentencing. We grant Sanders' motion for leave to file a supplemental brief addressing the effect on his sentence of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We deem the motion to be the supplemental brief, and we conclude that the *Blakely* claim is without merit. *See United States v. Hammoud*, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order).

"The Guidelines create a general presumption that all prior sentences within the applicable time period will be included in calculating a defendant's criminal history category." *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). An exception is made for sentences for misdemeanor and petty offenses that are listed in USSG § 4A1.2(c)(1) or are similar to a listed offense. Sentences for these offenses are counted only if (1) the prior sentence was a term of at least one year of probation or thirty days imprisonment, or (2) the prior offense was similar to the instant offense.

In the district court, Sanders maintained that his prior conviction for fleeing was similar to resisting arrest and to providing false infor-

---

[1]The misdemeanor offense of non-vehicular flight from a law enforcement officer is currently set out in W. Va. Code Ann. § 61-5-17(d). (Michie 2000 & LexisNexis Supp. 2003).

mation to a police officer; both are offenses listed in § 4A1.2(c)(1). The district court rejected his argument. We review the district court's legal determination de novo. *United States v. Caplinger*, 339 F.3d 226, 233 (4th Cir. 2003). In this appeal, Sanders again argues that fleeing is similar to the listed offenses of resisting arrest and argues for the first time that it is similar to "hindering or failure to obey a police officer," which is also a listed offense. We conclude that fleeing and "hindering or failure to obey a police officer" are similar offenses;[2] thus, we do not consider Sanders' argument concerning the offense of resisting arrest.

In *Harris*, we adopted a "similar elements" test for determining whether two offenses are similar under § 4A1.2(c)(1). We look to West Virginia law for the elements of the predicate offense of fleeing and to federal law for the elements of the listed offense and the ultimate determination of similarity. *United States v. Tigney*, 367 F.3d 200, 202 (4th Cir. 2004).

The elements of the West Virginia offense of fleeing are that (1) the defendant intentionally flees by means other than a vehicle (2) from a law enforcement officer acting in his or her official capacity who is attempting to make a lawful arrest (3) with knowledge (or reason to know) that the law enforcement officer is attempting to arrest him or her. W. Va. Code Ann. § 61-5-17(d) (Michie Supp. 2003). A defendant hinders or fails to obey a police officer under federal law if he (1) fails to comply (2) with a lawful order (3) issued by a police officer. *Tigney*, 367 F.3d at 202 n.3.

Although there is some difference between the elements of these offenses, under *Harris* we need only find that the elements are "nearly corresponding" or "resembling in many respects." 128 F.3d at 854. We conclude that the essential elements of fleeing and "hindering or failure to obey a police officer" sufficiently resemble each other that Sanders' sentence for fleeing was excludable under § 4A1.2(c)(1).

---

[2]Although Sanders did not make this particular claim in the district court, we may consider it because he preserved for appeal the question of whether a criminal history point was properly awarded for his fleeing sentence.

Consequently, Sanders' sentence for fleeing should not have been counted toward his criminal history score.

We therefore vacate the sentence imposed by the district court and remand for resentencing in accord with this opinion. We grant Sanders' motion to file a supplemental brief addressing *Blakely* and we deny the *Blakely* claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*