**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ademola John–Gabriel TAIWO, Defendant–Appellant.**

**No. 12–4016.**

United States Court of Appeals, Fourth Circuit.

Submitted: July 26, 2012.

Decided: Aug. 24, 2012.

James Wyda, Federal Public Defender, Meghan S. Skelton, Office of the Federal Public Defender, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jerome M. Maiatico, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Before DIAZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ademola John–Gabriel Taiwo pled guilty, pursuant to a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (count one), and one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012) (count three). Calculating the advisory Guidelines sentences pursuant to the *U.S. Sentencing Guidelines Manual* ("USSG") (2011), the district court deter-

mined that the sentencing ranges were fifty-seven to seventy-one months' imprisonment on count one and fifty-seven to sixty months' imprisonment on count three. The court sentenced Taiwo to sixty-four months' imprisonment on count one and a concurrent term of sixty months' imprisonment on count three. Taiwo appeals his sentence, arguing that: the district court erred in applying the four-level enhancement under USSG § 2K2.1(b)(4)(B) for a firearm with an altered or obliterated serial number; his sentence is otherwise procedurally unreasonable; and his sentence is substantively unreasonable. We affirm.

We review Taiwo's sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). A sentence is procedurally reasonable when the district court properly calculates the defendant's advisory Guidelines range, considers the 18 U.S.C. § 3553(a) (2006) sentencing factors, gives the parties an opportunity to argue for an appropriate sentence, and sufficiently explains the selected sentence. *Id.* at 49–51, 128 S.Ct. 586. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," *United States v. Carter,* 564 F.3d 325, 328 (4th Cir.2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall,* 552 U.S. at 50, 128 S.Ct. 586. "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." *United States v. Hernandez,* 603 F.3d 267, 271 (4th Cir.2010) (internal quotation marks omitted).

If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. *United States v. Mendoza–Mendoza,* 597 F.3d 212, 217 (4th Cir.2010). Such a presumption is rebutted only by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes–Pineda,* 445 F.3d 375, 379 (4th Cir.2006) (internal quotation marks omitted).

Taiwo first argues that his sentence is procedurally unreasonable because the district court erred in applying the four-level enhancement under USSG § 2K2.1(b)(4)(B). In assessing a challenge to the district court's application of the Guidelines, we review de novo the application of the Guidelines to the facts. *United States v. Sosa–Carabantes,* 561 F.3d 256, 259 (4th Cir.2009).

Analysis of section 2K2.1(b)(4)(B) of the Guidelines properly begins with the plain language of the Guideline itself. *See United States v. Tigney,* 367 F.3d 200, 203 (4th Cir.2004) (rejecting a party's Guideline interpretation because it conflicted with the Guideline's plain language). This section provides for a four-level enhancement to a defendant's offense level "[i]f any firearm ... had an altered or obliterated serial number." USSG § 2K2.1(b)(4)(B). Neither the Guideline nor its commentary defines the phrase "altered or obliterated." However, application of standard dictionary definitions of these terms leads us to conclude that the plain language of USSG § 2K2.1(b)(4)(B) clearly indicates that the ability to decipher a firearm's serial number need not be affected for the four-level enhancement to apply. Accordingly, we reject Taiwo's argument in this regard.

Taiwo's argument that the firearm he possessed did not have an "altered or obliterated" serial number because a scratch on the firearm's serial number did not render the number undecipherable to the naked eye or prevent law enforcement officials from tracing the number is also without merit. The district court's findings make clear that the scratch was both purposeful and deep enough that the firearm's serial number was rendered more difficult to ascertain accurately than it would have been absent the scratch. Giving effect to the plain meaning of the Guideline as expressed by the ordinary meaning of the words used therein, *United States v. Chambers,* 985 F.2d 1263, 1267 (4th Cir.1993), and after consideration of the decisions of the Courts of Appeal that have interpreted the phrase "altered or obliterated" under the Guideline, *United States v. Jones,* 643 F.3d 257, 258–59 (8th Cir.2011) (listing cases from the Fifth, Sixth, and Ninth Circuits), we conclude that the district court did not err in applying the four-level enhancement under USSG § 2K2.1(b)(4)(B).

Taiwo also argues that his sentence is procedurally unreasonable because the district court failed to address and explain why it rejected his arguments for the imposition of a below-Guidelines sentence. Upon review, we conclude that this contention is without merit. At sentencing, Taiwo alluded to his education and work history, licensure in a trade, and efforts to support his children without explaining why these circumstances merited a below-Guidelines sentence. Further, we conclude that the district court provided an adequate individualized assessment—taking into account relevant § 3553(a) factors—and adequately explained the chosen sentence.

Finally, we reject as without merit Taiwo's argument that his sentence is substantively unreasonable. The argument, in essence, asks this court to substitute its judgment for that of the district court. Even if this court may have weighed the § 3553(a) factors differently if we had resolved the case in the first instance, we will defer to the district court's decision that a total sentence of sixty-four months' imprisonment achieved the purposes of sentencing in Taiwo's case. *See United States v. Jeffery,* 631 F.3d 669, 679 (4th Cir.) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."), *cert. denied,* —— U.S. ——, 132 S.Ct. 187, 181 L.Ed.2d 95 (2011).

Accordingly, we affirm the district court's judgment. Taiwo's motion to supplement is denied as unnecessary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*