**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7564**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

KELVIN SMITH,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:07-cr-00019-nkm-mfu-1; 3:09-cv-80132-nkm-mfu)

_____

Argued:  October 23, 2012    Decided:  November 14, 2012

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Davis wrote the opinion, in which Judge Gregory joined.  Judge Shedd wrote an opinion concurring in the judgment.

_____

**ARGUED:** Lara Nell Jensen, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Neal L. Walters, Evan C. Mix, Third Year Law Student, Jason C. Lynch, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Nancy S. Healey, Assistant United States Attorney,

OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

DAVIS, Circuit Judge:

Kelvin Smith appeals the district court's denial of his motion under 28 U.S.C. § 2255, in which he asserted ineffective assistance of counsel claims at sentencing. Specifically, he argues that his attorney should have objected to his criminal history calculation because the district court scored a prior Virginia sentence for failure to appear; Smith contends that the offense is similar to contempt of court, and, thus, excludable under the advisory sentencing guidelines. Although, unlike the district court, we doubt the reasonableness of counsel's failure to object, under the unusual circumstances presented here, Smith has failed to show prejudice. Accordingly, we affirm.

I.

On October 17, 2007, pursuant to a plea agreement, Smith pled guilty to conspiracy to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. § 846; distributing cocaine, in violation of 21 U.S.C. § 841(a)(1); and being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).[1]   In his plea agreement,

_____

[1] Smith also pled guilty to making a false statement to purchase a firearm, in violation of 18 U.S.C. § 924(a)(1)(A), (Continued)

3

Smith waived

> all rights . . . to appeal whatever sentence . . . is imposed, including any issues that relate[d] to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guidelines range that [wa]s established at sentencing . . .

S.J.A. 57. Smith also waived

> all rights to contest the conviction or sentence . . . in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel . . . not known to [him] at the time of [his] guilty plea.

Id. A separate provision stated that Smith "waive[d] any claim [he] may have for ineffective assistance of counsel known and not raised by [him] with the Court at the time of sentencing." Id. at 61.

At sentencing on February 28, 2008, the district court assigned Smith two criminal history points under the advisory sentencing guidelines because he had committed his offenses during "a two year term of good behavior." See J.A. 18 (district court adopting the Presentence Investigation Report, "PSR"). Smith received two additional points for prior state convictions: one point for a 2005 conviction for carrying a concealed weapon; and one point for a 2006 conviction for

_____

and brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

4

failure to appear in court for an assault and battery charge. Smith had been fined $50 for the failure to appear conviction.

The four criminal history points placed Smith in criminal history category III. With an offense level of 28, the advisory sentencing range for Smith's conspiracy, distribution, and firearm possession charges was 97–121 months in prison. U.S. Sentencing Guidelines Manual Ch. 5 Pt. A (sentencing table) (2007). Had Smith received three (rather than four) criminal history points, he would have fallen within criminal history category II, and the advisory sentencing range would have been 87–108 months.

Smith's counsel made no objections to the calculation of the advisory sentencing range. The district court sentenced Smith to concurrent terms of 109 months for the conspiracy, distribution, and firearm possession charges.[2] In keeping with his agreed appeal waiver, Smith did not file a direct appeal.

On February 13, 2009, however, Smith filed a timely pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Smith argued that his attorney had provided ineffective assistance of counsel by not objecting to

---

[2] Smith was also sentenced to a concurrent 60-month sentence for making a false statement to purchase a firearm, and a consecutive 84-month term for brandishing a firearm in a drug trafficking crime. Smith does not challenge these aspects of his sentence.

5

the assessment of one criminal history point for his failure to appear conviction.[3]  He argued that the offense of failure to appear was similar to contempt of court and, thus, should have been excluded from his criminal history calculation pursuant to § 4A1.2 of the advisory sentencing guidelines[4] and United States v. Tigney, 367 F.3d 200 (4th Cir. 2004).[5]

On October 29, 2010, the district court granted the Government's motion to dismiss Smith's motion under § 2255.  The court found that Smith had waived his claim of ineffective assistance of counsel because he had not "allege[d] that he did not know of these claims at the time of his sentencing."  J.A. 96, 99.  The court noted in a lengthy footnote, however, that "even if his claims [had] not [been] waived, Smith's claims

---

[3]  Smith also argued that his attorney had provided ineffective assistance by not objecting to the amount of crack cocaine attributable to him for sentencing purposes.  This second argument is not material to Smith's appeal.

[4]  Section 4A1.2 provides that, in calculating a defendant's criminal history category, a district court should exclude prior sentences for certain enumerated misdemeanor and petty offenses --and "offenses similar to them, by whatever name they are known"--unless "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S. Sentencing Guidelines Manual § 4A1.2(c) (2007).  The enumerated offenses include contempt of court.

[5]  In Tigney, we held that the West Virginia offense of failure to appear was similar to contempt of court, and, thus, should have been excluded from the defendant's criminal history. Tigney, 367 F.3d at 200.

6

nevertheless fail[ed] on the merits":

> Smith has not demonstrated either deficient performance or prejudice. Pursuant to [U.S. Sentencing Guidelines Manual] § 4A1.2, sentences for misdemeanor and petty offenses are counted, except for a list of offenses provided in the section and offenses similar to them. Failure to appear does not appear on that list of excluded offenses. And, Smith does not allege which of the listed offenses, his failure to appear charge is similar to. Rather, Smith relies on [Tigney,] a Fourth Circuit case that interprets West Virginia statutes. However, Virginia statutes are different than the West Virginia statutes at issue. Therefore, the court cannot find that on the facts presented in this case, Smith has demonstrated that counsel's failure to object was constitutionally deficient. Further, Smith has not demonstrated that he was prejudiced by counsel's failure to object because he has not shown that had counsel filed the objection, the court would have sustained the objection and removed the 1 point from Smith's criminal history calculation. In fact, in a prior case, United States v. Rush, Criminal Case No. 3:06cr00013-1 (W.D. Va. Sept. 5, 2006), this court overruled a similar objection and the defendant had one point counted for his failure to appear conviction.

Id. at 102. n.2.

On November 8, 2010, Smith appealed. On May 10, 2011, we granted a certificate of appealability on "whether Smith's counsel provided ineffective assistance in failing to object to the assessment of one criminal history point for Smith's failure to appear conviction in Virginia."[6]

---

[6] Our order also granted a certificate of appealability on whether Smith had waived his claim of ineffective assistance of counsel, but the Government has abandoned its procedural challenge to Smith's claim.

7

II.

A.

We consider de novo "whether specific facts constitute ineffective assistance of counsel." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000). To establish ineffective assistance of counsel, Smith must show that (1) his attorney's performance was deficient, and (2) the deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish deficient performance, Smith "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. We "must be highly deferential" in our review, taking into account "the facts of the particular case," the "prevailing professional norms," and "counsel's perspective at the time." Id. at 689–90. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. But a defendant may rebut that presumption by "proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).

To establish prejudice, Smith must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Prejudice exists when an error results in a longer sentence than would otherwise have been imposed. See Glover v. United States, 531 U.S. 198, 202–04 (2001) (holding that Sixth Amendment prejudice resulted from an asserted error that added six to 21 months to the defendant's sentence). "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Attorney Gen., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697).

## B.

Smith argues that his attorney provided ineffective assistance by failing to object when the PSR assessed one criminal history point for his prior Virginia conviction for failure to appear. Opening Br. 9–12. He contends that a conviction for failure to appear in a Virginia court is similar to contempt of court, and therefore warrants no criminal history points under the advisory sentencing guidelines. Id. at 9. Smith essentially argues that, had counsel timely objected,

9

there is a reasonable probability that he would have been in a lower criminal history category, thereby within a lower advisory guidelines sentencing range, and consequently he likely would have received shorter concurrent sentences for his conspiracy, distribution, and firearm possession convictions.

In light of Tigney and the sentencing guidelines' application notes, we have serious doubts about the reasonableness of counsel's failure to object. Although Tigney involved the West Virginia offense of failure to appear, see Tigney, 367 F.3d at 200-01, it was the most relevant Fourth Circuit case at the time of Smith's sentencing, and analyzed an offense substantially similar to Smith's. Like the West Virginia statute, the Virginia statute "outlaws a particular manner of disobeying [a court] order--by failing to appear in court on the designated date,"[7] and "leave[s] the court with discretion to fix the penalty."[8]

---

[7] See Tigney, 367 F.3d at 202 (describing the West Virginia statute); Va. Code Ann. § 19.2-128 (criminalizing willful failure "to appear before any court as required").

[8] See Tigney, 367 F.3d at 203-04 (referring to the West Virginia statute); Va. Code Ann. § 19.2-128 (defining failure to appear in a Virginia court as a class 1 misdemeanor or class 6 felony); Va. Code Ann. § 18.2-11 (authorizing "either or both" incarceration "for not more than twelve months and a fine of not more than $2,500" for class 1 misdemeanors); Va. Code Ann. § 18.2-10 (authorizing, for class 6 felonies, "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case
(Continued)

10

The sentencing guidelines' application notes also counsel against counting Smith's failure to appear conviction in his criminal history. The application notes list five factors for determining whether offenses are similar; two were critical to our analysis in Tigney: the elements of the offenses, and the respective penalties for each offense.[9] The three remaining factors make clear that the Virginia offense is substantially similar to contempt of court: neither offense involves a high level of "perceived seriousness";[10] both involve the same level of culpability (conscious disregard of a court order);[11] and

_____

without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both").

[9] See Tigney, 367 F.3d at 200–04. Because of this, Tigney remained highly relevant at the time of Smith's sentencing, even though the Tigney panel purported to apply an "elements" test-- comparing "the elements of the prior offense to the elements of the relevant offense listed in Section 4A1.2(c)"--and the advisory guidelines advocated a "common sense" approach. See id. at 201–02; U.S. Sentencing Guidelines Manual § 4A1.2, appl. n.12(A) (2007).

[10] Indeed, Smith received only a $50 fine for his failure to appear.

[11] See 18 U.S.C. § 401 (criminalizing disobedience of a lawful official court order); Va. Code Ann. § 19.2-128 (criminalizing willful failure to appear). Although the federal contempt provision does not expressly require intent, courts have "engrafted . . . the requirement of both a contemptuous act and a willful, contumacious, or reckless state of mind." In re Joyce, 506 F.2d 373, 378 (5th Cir. 1975). See also United States v. Burstyn, 878 F.2d 1322, 1324 (11th Cir. 1989) (to support a conviction under § 401, the government must prove that the (Continued)

11

neither contempt of court nor failure to appear in a Virginia court indicates a "likelihood of recurring criminal conduct." See U.S. Sentencing Guidelines Manual § 4A1.2, appl. n.12(A) (2007).

Despite our doubt as to the reasonableness of counsel's failure to object, however, we are constrained, on the unique facts before us, to affirm the denial of Smith's claim for lack of prejudice. The district court has made clear that, had counsel challenged the calculation of Smith's criminal history at sentencing, the court would have overruled the objection. See supra pp. 6-7. Even if this had been error, Smith would have had no recourse: In his plea agreement, he waived his right to appeal "any issues that related to the establishment of the advisory Guideline range." See supra p. 3.[12] Accordingly, given that any error by the district court in overruling an objection by counsel would have been effectively "quarantined" by Smith's appeal waiver of "any issues that relate[d] to the establishment of the advisory Guideline range," Smith cannot show that, but for counsel's failure to object,

---

violation was willful)); Floersheim v. Engman, 494 F.2d 949, 952 (D.C. Cir. 1973) ("Criminal contempt is essentially reserved for willful contumacy and not good faith disagreement.").
    [12] Calculation of a criminal history category plainly is a part of "establish[ing] the advisory Guideline range."

12

there is a "reasonable probability" that he would have received a shorter sentence. See Strickland, 466 U.S. at 694.[13]

## III.

For the reasons set forth, the judgment of the district court is

AFFIRMED.

---

[13] Cf. Glover, 531 U.S. at 204 ("Here we consider the sentencing calculation itself, a calculation resulting from a ruling which, if it had been error, would have been correctable on appeal.")(emphasis added)).

SHEDD, Circuit Judge, concurring in the judgment:

As the majority correctly notes, under Strickland v. Washington, 466 U.S. 668, 687 (1984), a petitioner must make two showings to prevail on a claim for ineffective assistance of counsel in a habeas petition under 28 U.S.C. § 2255: first, he must show that his counsel's performance fell below an objective standard of reasonableness, and second, that he was prejudiced by that deficiency. When a petitioner fails to make one of these showings, a court need not address the other. Id. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). Because I agree completely with the majority's reasoning as to why Smith cannot show prejudice as required under Strickland, I would not address whether the performance by his counsel was deficient. See id.