NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019
Decided March 6, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2490

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 3:16-CR-00074-01 |
| DANIEL GRAAP, | James D. Peterson, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Daniel Graap dealt methamphetamine and hid another dealer's supply of methamphetamine in his camper. He pleaded guilty to conspiring to distribute, and to possessing with intent to distribute, 500 grams or more of a mixture containing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court determined that Graap was not eligible for the statutory safety valve because he had two criminal history points, *see* 18 U.S.C. § 3553(f)(1) (2010), and did not provide the government with complete information regarding his offense, *see* id. § 3553(f)(5). The court sentenced him to ten years in prison, the statutory minimum. *Id*. § 841(b)(1)(A)(viii). Graap appealed, but his appointed attorney tells us that the appeal is frivolous, and she moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). (Graap has not

responded to counsel's motion. *See* CIR. R. 51(b).) Counsel's submission explains the nature of the case and the issues that the appeal might be expected to involve, so we limit our review to the topics that she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first tells us that she does not explore potential challenges to Graap's guilty plea because "Graap has affirmatively stated that he does not wish to withdraw his plea." But she does not expressly state that she both consulted with Graap and "provide[d] advice about the risks and benefits" of challenging the plea, as our caselaw requires her to do. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel's omission is harmless, however, because our review of the plea colloquy assures us that the judge substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *See id.*

Counsel next considers challenging the district court's determination that operating a salvage yard without a license qualified for a criminal history point under U.S.S.G. § 4A1.2(c). Over Graap's objection, the court found that the prior offense was not "similar to" driving without a license or to a local ordinance violation—either of which ordinarily does not count towards a defendant's criminal history points. *See id.*

Counsel properly concludes that this argument would be frivolous. First, operating a salvage yard without a license is a criminal offense in Wisconsin. *See* WIS. STAT. § 218.205(1), so even if it is like a local ordinance, it counts towards Graap's criminal history points, *see* U.S.S.G. § 4A1.2(c)(2); *United States v. Barnes*, 883 F.3d 955, 958 (7th Cir. 2018).

Second, we would not view Graap's offense as similar to driving without a license. In determining whether the offenses were similar, we would take a "common sense approach" and evaluate (1) the relative punishments; (2) how the punishments reflect on the seriousness of the offenses; (3) the offenses' elements; (4) the requisite culpability, and (5) the offenses' suggestion of recurring criminal conduct. U.S.S.G. § 4A1.2 cmt. 12(A); *United States v. Hagen*, 911 F.3d 891, 894 (7th Cir. 2019). Graap's offense was far more serious than unlicensed driving: it was punishable by a $500–$5,000 fine and up to 60 days in prison, *see* WIS. STAT. § 218.205(1), while unlicensed driving in Wisconsin may yield only forfeiture of up to $200 for a first offense, *see* WIS. STAT. § 343.05(3)(a), (5)(b). And although both laws prohibit certain unlicensed activity, unlicensed operation of car-salvaging business strikes us as requiring greater culpability than unlicensed driving because "there is a substantial difference in the manner in which the crime is perpetrated," *United States v. Harris*,

325 F.3d 865, 872–73 (7th Cir. 2003). The former, for example, requires "carry[ing] on or conduct[ing] … business" over time, WIS. STAT. § 218.205(1), and the latter requires just driving once, WIS. STAT. § 343.05(3)(a). Finally, running an unlicensed salvage yard, as the district court observed, is more suggestive of future criminal behavior because it is more likely to involve other criminal conduct—dealing stolen cars and car parts, tax evasion, etc.

Counsel also considers challenging the district court's conclusion that Graap did not qualify for the safety valve because he did not provide the government with a full and honest disclosure of his offense, but she again rightly concludes that this point would be frivolous. Graap bore the burden of showing that his disclosure was truthful and complete. *See United States v. Acevedo-Fitz*, 739 F.3d 967, 972 (7th Cir. 2014). Graap told investigators about four customers and his storage of methamphetamine in his camper for another dealer, but he did not mention a fifth regular customer or that he hid, sold, and used the other dealer's supply. The court reasonably determined that these facts were "material enough to have been disclosed" and that Graap's omissions were "too significant to really be the kind of oversight that's understandable." Graap stated at his sentencing hearing that he simply forgot to provide this information, but we would not consider his "mere assertion" of honesty "enough to undermine the court's finding." *United States v. Ortiz*, 775 F.3d 964, 968 (7th Cir. 2015).

Lastly, counsel considers challenging the procedural soundness or substantive reasonableness of the sentence. Because the district court lacked discretion to sentence Graap to less than ten years in prison, however, counsel properly declined to raise this challenge. *See Ortiz*, 775 F.3d at 969.

In the course of reviewing counsel's motion, we noted an error in the judgment that we take the opportunity to correct, so that it accurately reflects the crime of conviction. See FED. R. CRIM. P. 36. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. We also MODIFY the judgment to name Graap's offense as "Conspiracy to Distribute 500 grams or More of a Mixture or Substance Containing Methamphetamine, Class A felony."