NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011
Decided October 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3359

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-80-WMC-01 |
| DAVID KNICKMEIER, *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

David Knickmeier amended his 2003 income tax return to claim falsely that he had three children. The revision increased the amount of income exempt from tax and also allowed Knickmeier to obtain a Child Tax Credit. He also helped his employer, a return preparer, to sift through old client files to find returns that might be similarly amended to increase the refund due. Knickmeier pleaded guilty to preparing and signing the false amended return, *see* 26 U.S.C. § 7206(1), and was sentenced below the guidelines range to a year and a day in prison. Knickmeier's appointed lawyer asserts that this appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Knickmeier did not accept our invitation to address counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Initially we note that Knickmeier has told counsel that he does not want his guilty plea set aside. Thus counsel properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Knickmeier could challenge the calculation of his criminal-history score. At sentencing the district court concluded that a conviction for driving while intoxicated and two misdemeanor charges in 2003 for carrying a concealed weapon and possessing a gun while intoxicated, *see* WIS. STAT. §§ 941.20(1), .23 (2011), resulted in a criminal-history category of II. Knickmeier pleaded no contest to the weapons charges, and although the state deferred prosecution and eventually dismissed both, *see* WIS. STAT. §§ 971.37–.40, the probation officer assigned a criminal-history point under U.S.S.G. § 4A1.2(f). Knickmeier did not dispute that diversionary dispositions can be counted, but he objected that these particular charges (which arose from the same incident) should have been excluded from his criminal-history calculation. Misdemeanor offenses presumptively count toward a defendant's criminal-history score, except that crimes enumerated in § 4A1.2(c)(1), as well as other offenses that are "similar" to those enumerated, are excluded unless the defendant was sentenced to at least 30 days in prison or more than a year of probation. *See United States v. Garrett*, 528 F.3d 525, 528 (7th Cir. 2008); *United States v. Hagenow*, 423 F.3d 638, 645 (7th Cir. 2005). Knickmeier did not incur any sentence because of the deferred prosecutions, so the weapons charges would not have yielded a criminal-history point if, as he contended, the two alleged violations are "similar" to disorderly conduct. Sentencing courts employ a common-sense approach when determining whether prior offenses are "similar" to a crime enumerated in § 4A1.2(c)(1), such as disorderly conduct. *See* U.S.S.G. § 4A1.2(c)(1) cmt. n.12; *Hagenow,* 423 F.3d at 645; *United States v. Harris*, 325 F.3d 865, 872 (7th Cir. 2003). We would review a district court's application of § 4A1.2(c)(1) de novo. *Garrett*, 528 F.3d at 527.

We agree with counsel that a challenge to the district court's criminal-history calculation would be frivolous. When faced with a similar issue involving the Illinois offenses of disorderly conduct and unlawful discharge of a rifle, we compared elements of the two crimes and concluded that the offenses are not "similar" under § 4A1.2(c)(1). *United States v. Staples*, 202 F.3d 992, 996–97 (7th Cir. 2000). We would reach the same conclusion here. The Wisconsin offenses of carrying a concealed weapon and carrying a gun while intoxicated carry higher maximum punishments and have very different elements, including the possession of a dangerous weapon, than the Wisconsin offense of disorderly conduct. *See* WIS. STAT. §§ 939.51, 941.20(1), 941.23, 947.01; *State v. Dundon*, 594 N.W.2d 780, 783–84 (Wis. 1999). The latter charge is commonly used to sanction loud and profane language, mailing obsessive letters to victims, repeated refusal to obey police commands,

and the like. *See State v. Marten-Hoye*, 746 N.W.2d 498, 509 (Wis. Ct. App. 2008); *State v. Schwebke*, 644 N.W.2d 666, 678–79 (Wis. 2001); *City of Oak Creek v. King*, 436 N.W.2d 285, 289–90 (Wis. 1989).

Finally, counsel examines whether Knickmeier could argue that his prison sentence is unreasonable. But we agree with counsel that this argument would also be frivolous, as a sentence below the guidelines range is presumed reasonable, *see United States v. Curb*, 626 F.3d 921, 927 (7th Cir. 2010); *United States v. Jackson*, 598 F.3d 340, 345 (7th Cir.), *cert. denied*, 131 S. Ct. 435 (2010), and he presents no reason to challenge that presumption.

We GRANT counsel's motion to withdraw and DISMISS the appeal.