**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FARRIS DWAYNE GRIFFIN,

Defendant - Appellant.

No. 18-7022
(D.C. No. 6:17-CR-00072-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **McHUGH**, Circuit
Judges.

Farris Griffin pleaded guilty to one count of being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Griffin

to 57 months in prison based on the Presentence Report (PSR) and the

government's motion for an upward variance. He now appeals his sentence.

Griffin contends the district court miscalculated his criminal history

category by including his prior convictions for domestic abuse and urinating in

___

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

public. We agree with Griffin (and the government) that the district court erred in considering the domestic-abuse conviction as part of Griffin's criminal history. But Griffin's criminal history category would remain at the same level even after making the related adjustment unless we can also conclude the district court erred by including his conviction for public urination—for the Sentencing Guidelines instruct that misdemeanors do not count toward criminal history if similar to generic disturbing the peace. Thus, Griffin cannot establish prejudice unless his conviction for public urination—charged under Oklahoma law as openly outraging public decency, 21 Okla. Stat. § 22—is equivalent or similar to generic disturbing the peace.

We conclude Griffin cannot meet his burden on this point under plain error review. We therefore affirm his 57-month sentence.

## I. Background

The events leading to Griffin's underlying conviction arose from an assault on his wife. After driving her to a remote location, Griffin assaulted his wife and threatened to kill her while pointing a 9 mm pistol at her head. She eventually escaped and sought refuge at a nearby church where members immediately called the police. Officers apprehended Griffin several days later, and a search of his vehicle revealed a loaded .45 caliber pistol.

Griffin later pleaded guilty to possession of a firearm as a felon.

The United States Probation Office submitted a PSR, which calculated Griffin's criminal history score as nine, yielding a criminal history category of IV, and an offense level of fifteen points. The guidelines range for these calculations was 30–37 months. Griffin did not object to the PSR calculations or the guidelines range. The government then requested an upward variance based on Griffin's history of violence against women and repeated possession of firearms as a felon. The district court granted the government's motion to vary upward six levels, yielding a guidelines range of 57–70 months.

The court subsequently sentenced Griffin to the bottom of the enhanced range, a sentence of 57 months.

## II. Analysis

Griffin identifies two alleged errors in the PSR. He first contends that no intervening arrest occurred between a 2012 domestic-abuse incident and his arrest two weeks later for unlawfully possessing a firearm. His PSR counted both crimes even though the Guidelines require an intervening arrest to consider the two as separate sentences. USSG § 4A1.2(a)(2). Griffin also argues that the Guidelines prohibit counting his public-urination conviction because the crime is "similar to . . . [d]isorderly conduct or disturbing the peace." *Id.* § 4A1.2(c)(1).

We review these claims for plain error because Griffin failed to raise them before the district court. *See United States v. Sells*, 541 F.3d 1227, 1236 (10th

Cir. 2008).  Griffin is entitled to relief only if (1) the district court erred, (2) the legal error was "clear or obvious, rather than subject to reasonable dispute," (3) the error "affected [his] substantial rights," and (4) the legal error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted).  "Meeting all four prongs is difficult, 'as it should be.'" *Id.* (citation omitted).

Griffin must succeed on both claims to establish that the errors affected his substantial rights because, even subtracting the two points for domestic abuse, his criminal history category would remain at IV.  *See United States v. Concha*, 294 F.3d 1248, 1256 (10th Cir. 2002) (holding that remanding for resentencing is unwarranted when "the district court would have imposed the same sentence even in the absence of the improper factor").  We agree with Griffin that the district court erred in counting his conviction for domestic abuse.  But Griffin cannot show the district court clearly erred in distinguishing between generic disorderly conduct and openly outraging public decency.  So Griffin has not borne his burden.

### A. Domestic Abuse

Griffin first contends that because he was not arrested in 2012 for domestic violence until after illegally possessing a firearm, the district court should have treated those two crimes "as a single sentence."  USSG § 4A1.2(a)(2).  According

to the facts in the PSR, Griffin committed acts of domestic abuse on October 25, 2012. Two weeks later, on November 8, 2012, he was arrested for illegally possessing a firearm. The next day officers arrested him on the earlier domestic-abuse charge. Griffin was sentenced for both crimes on May 6, 2013.

The Guidelines include Instructions for Computing Criminal History, which detail how to determine whether "sentences are counted separately or treated as a single sentence." *Id.* The Guidelines instruct that "[i]f there is no intervening arrest" between two criminal acts, "prior sentences are counted separately unless . . . the sentences were imposed on the same day." *Id.* The section clarifies there is an intervening arrest when "the defendant is arrested for the first offense prior to committing the second offense." *Id.*

The government does not dispute the absence of an intervening arrest. The government concedes, in fact, that the district court plainly erred in counting the two crimes separately**.** We concur and therefore move to Griffin's second claim of error.

### B. *Outraging Public Decency*

Griffin maintains that the PSR also erroneously included his conviction for outraging public decency by urinating in public, a misdemeanor. The Guidelines state that all misdemeanors or petty offenses are included in a defendant's criminal history calculation unless the charge is or is "similar to" one of

§ 4A1.2(c)(1)'s sixteen enumerated offenses.[1]  One of the listed offenses is "[d]isorderly conduct or disturbing the peace."  USSG § 4A1.2(c)(1).  Griffin asserts that "urinating in public is not just 'similar to' the enumerated offenses, as the guidelines require[], it *is* generic disorderly conduct."  Reply Br. at 2.  We disagree.  Griffin's burden to prove obvious error is a difficult one, and he has not met that burden here.

The commentary to the Sentencing Guidelines § 4A1.2 provides some direction on "determining whether an unlisted [charged] offense is similar to an offense listed in subsection (c)(1)."  USSG § 4A1.2 cmt. n.12(A).  The note lays out "a common sense approach"[2] that considers

> factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

---

[1]  Misdemeanor or petty offenses are also counted if "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." USSG § 4A1.2(c)(1).  Neither exception applies here.

[2]  The common sense approach applies when "determining whether an *unlisted* offense is similar to an offense *listed* in subsection (c)(1)."  USSG § 4A1.2 cmt. n.12(A) (emphasis added).  We apply this because subsection (c)(1) does not specifically list outraging public decency.  If Griffin had been charged with disorderly conduct or disturbing the peace, both "listed offense[s]," we would apply the categorical approach rather than the common sense approach. *See United States v. Abeyta*, 877 F.3d 935, 939 (10th Cir. 2017).

*Id.*; *see also United States v. Archuleta*, 865 F.3d 1280, 1290 (10th Cir. 2017).

Two factors stand out in this case: (1) the "comparison of punishments imposed for the listed and unlisted offenses" and (2) "the elements of the offense." USSG § 4A1.2 cmt. n.12(A); *see United States v. Perez de Dios*, 237 F.3d 1192, 1198 & n.7 (10th Cir. 2001) (noting that considering "all or some of the listed factors may . . . be helpful," but warning against "a formulaic approach," especially since the factors are "somewhat redundant"). And after reviewing these factors, we conclude the district court did not obviously err in distinguishing between disturbing the peace and openly outraging public decency. The two crimes may have some overlap, but disturbing the peace and outraging public decency are sufficiently distinct—both in severity and nature—that they are not clearly equivalent.

First, a comparison of the punishments reveals that openly outraging public decency is a more serious violation than disturbing the peace. Oklahoma charged Griffin with violating 21 Okla. Stat. § 22, a misdemeanor, which carries a possible one-year jail sentence. We compare this with the modern generic disorderly conduct or breach of the peace offense referenced in the Guidelines. We may look to prominent secondary sources such as the Model Penal Code (MPC) to define "the modern generic view" of offenses referenced in the Guidelines. *United States v. Castillo*, 811 F.3d 342, 346 (10th Cir. 2015). The

MPC defines disorderly conduct as a petty misdemeanor, MPC § 250.2 (Am. Law Inst. 1962), which carries a possible six-month jail sentence, MPC: Sentencing § 6.06 (Am. Law Inst. Approved Final Draft 2017). Thus, the maximum punishment a defendant may receive for generic disturbing the peace is, in relative terms, significantly lower than for Griffin's offense.

Oklahoma's statutory scheme also supports the proposition that openly outraging public decency differs from disturbing the peace.[3] Oklahoma groups Griffin's offense with *grossly* disturbing of the peace. Significant for our purposes, grossly disturbing the peace or openly outraging public decency carries a longer potential sentence in Oklahoma than the state's two general breach of the peace statutes, which allow for only 30 days in jail. *See* 21 Okla. Stat. §§ 1362, 1363; *see also Zimmerman v. State*, 141 P.2d 809, 811 (Okla. Crim. App. 1943) (prosecution under § 22 "is not a prosecution under what is ordinarily termed the breach of peace statutes"). And given that this court has not addressed whether to consider the punishment actually imposed or the maximum punishment,

---

[3] Oklahoma's statutory scheme is not dispositive because the court's inquiry is into *generic* disorderly conduct or breach of the peace, and some states may define the offense differently than the majority of jurisdictions. But Oklahoma's two-tiered scheme is relevant, especially when supported by the MPC, in determining whether Griffin's offense is more serious than generic disturbing the peace.

distinguishing between the two offenses based on the potential sentences cannot

constitute plain error.[4]

Second, a comparison of the elements demonstrates that openly outraging

public decency and generic disturbing the peace are not equivalent offenses.  To

prove a violation of § 22, the state must demonstrate that a person (1) "willfully

and wrongfully commits any act" that (2) "openly outrages public decency" and

(3) "is injurious to public morals."  21 Okla. Stat. § 22.  According to the MPC, a

person charged with disorderly conduct, under the elements most closely related

to outraging public decency, must (1) "with purpose to cause public

inconvenience, annoyance, or alarm, or recklessly creating a risk thereof"

(2) "make[] unreasonable noise or offensively coarse utterance, gesture, or

display."  MPC § 250.2.

One difference is the level of intent required for the individual offenses.

Openly outraging public decency requires willfulness while disorderly conduct

requires only recklessness.  These are two distinct states of mind, the latter

demanding that a person merely "disregards a substantial and unjustifiable risk

---

[4] *Compare United States v. Reyes-Maya*, 305 F.3d 362, 367 (5th Cir. 2002) (considering "the level of punishment imposed for a particular offense"), *and United States v. Grob*, 625 F.3d 1209, 1216 (9th Cir. 2010) (same), *with United States v. May*, 343 F.3d 1, 9–10 (1st Cir. 2003) (considering the "maximum punishments"), *and United States v. Knickmeier*, 438 F. App'x 510, 511 (7th Cir. 2011) (same).

that the material element exists or will result from his conduct." MPC § 2.02(2)(c).

Section 22 also requires the jury to conclude the defendant's conduct outrages society at large and offends public morality generally, while disturbing the peace requires only that the jury find the defendant wished to cause, at minimum, inconvenience to the persons present. There is certainly some overlap between conduct that could be charged under both statutes. But the Venn diagram mapping the scope of the two offenses would not entirely overlap. So a comparison of the elements reveals that openly outraging public decency and disturbing the peace are conceptually different offenses.

Consideration of these two factors under the common sense approach shows that Griffin's "unlisted offense"—under plain error review—is not obviously "similar to an offense listed in subsection (c)(1)." USSG § 4A.1.2 n.12(A). Thus, we conclude Griffin cannot show the district court plainly erred in counting his conviction for outraging public decency.

We must therefore affirm. Griffin cannot demonstrate the district court's errors affected his substantial rights because, without succeeding on both claims, his criminal history conviction would remain at category IV. *See United States v. Rangel-Arreola*, 991 F.2d 1519, 1526 n.5 (10th Cir. 1993). So despite the district

court's error in considering Griffin's 2012 domestic-violence conviction separately from his later firearm charge, we must affirm his 57-month sentence.

## III.  Conclusion

We conclude the district court did not plainly err in distinguishing between the Guidelines' reference to disorderly conduct or disturbing the peace, USSG § 4A1.2(c)(1), and Oklahoma's prohibition of openly outraging public decency, 21 Okla. Stat. § 22.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge